19409. ROWELL *v.* ROWELL (now JAMES).

WYATT, Presiding Justice. William A. Rowell brought a petition or motion to change the custody of a minor child, Douglas Rowell, against Annie Crawford Rowell (now James), seeking to obtain the custody of the child. The minor child is the child of William A. Rowell and Annie Crawford Rowell (now James) whose custody had been awarded to Annie Crawford Rowell (now James) in former proceedings between these parties, with the right of William A. Rowell to have the child visit him every fourth weekend from 5 p.m. Friday to 5 p.m. Sunday, and for one month in the summer. Annie Crawford Rowell (now James) by cross-petition sought to modify the custody award so as to reduce the right of visitation provided for William A. Rowell to a few hours per month in the home of the cross-petitioner, and to restrain William A. Rowell and Leverta Rowell from seeing the child at any time or place, at school or otherwise, and to restrain the said persons from calling the child by telephone either at school or elsewhere at any time, except the right of visitation in William A. Rowell as above set out. Upon the hearing, voluminous evidence was introduced. The trial judge denied the prayers of William A. Rowell that custody be awarded to him. The visitation rights were modified upon the cross-petition so as to provide that William A. Rowell should have possession of the child from 5 p.m. Friday to 5 p.m. Saturday every fourth weekend and for one month during the summer. The order further restrained Leverta Rowell and William A. Rowell from seeing the child or calling him by telephone at any time or place except during the visitation periods provided, and further awarded to the defendant in error $150 as attorney's fees for defending the action. The exception here is to this judgment. *Held:*

1. In so far as the judgment upon the petition of William A. Rowell is concerned, which denied the prayers that custody be awarded to him, it is sufficient to say, without setting out here the voluminous evidence in the record, that there was no evidence of such change in condition affecting the welfare of the child as would authorize, much less demand, an award of custody to the petitioner. Accordingly, it was not error to refuse the prayers of the petition.

2. The cross-petition alleged certain facts which it is contended were sufficient to authorize a reduction in the visitation rights in the plaintiff in error. The petition alleged, and there was evidence from which

the trial judge was authorized to find, that the plaintiff in error had been and was now trying to alienate the child from his mother; that this resulted in the child's becoming nervous and emotionally upset; that the plaintiff in error called the boy at school and talked with him, and this resulted in the child's becoming so emotionally upset that the principal of the school prohibited the child from again talking with his father on the telephone while at school; that the father visited the school and conducted himself in such manner that the child and his teacher became upset; that the principal of the school threatened legal action to keep Leverta Rowell, the child's paternal grandmother who lived with the plaintiff in error, from coming into the school building and interfering with the normal operation of the school; that the visits at the times provided in the existing order had on at least one occasion, if not more, interfered with the child's home work in preparation for school. These facts were certainly sufficient to authorize the trial judge to find that there had been a change in condition affecting the welfare of the child such as would authorize him to curtail the visitation periods theretofore awarded, and to restrain the plaintiff in error from seeing the child or calling him by telephone at any time or place except as provided in the order. There was no error in this judgment.

3. With reference to the award of attorney's fees, it is sufficient to say that, while it appears that the series of suits (five in all at present) with reference to the custody of this child, brought by the plaintiff in error, together with his conduct during and concerning the same might, if the pleadings were sufficient, authorize a trial judge to find that he was being stubbornly litigious and to award attorney's fees for the defense of these baseless suits, the fact is the defendant in error does not allege that the plaintiff in error was stubbornly litigious and does not pray for the award of attorney's fees. In these circumstances, the award of attorney's fees was clearly erroneous. See *Milner* v. *Mutual Benefit Building Assn.,* 104 *Ga.* 101 (30 S. E. 648); *Evans* v. *Thompson,* 143 *Ga.* 61 (84 S. E. 128); and *White* v. *Spahr,* 207 *Ga.* 10 (59 S. E. 2d 916).

4. While it has been held in (3) above that the award of attorney's fees was erroneous, this does not require a reversal of the judgment of the court below. The judgment will be affirmed upon condition that the award of attorney's fees be written off; otherwise the judgment will stand reversed.

> *Judgment affirmed upon condition. All the Justices concur.*
> ARGUED JULY 9, 1956—DECIDED SEPTEMBER 7, 1956.

*James R. Venable, Margaret Hopkins,* for plaintiff in error.
*Robert W. Cagle, Whaley & Cagle,* contra.