20149. ROWELL (now JAMES) *v.* ROWELL *et al.*

SUBMITTED JULY 15, 1958—DECIDED SEPTEMBER 5, 1958.

*Robert W. Cagle, Whaley & Cagle* for plaintiff in error.

*W. Harvey Armistead, Frank Grizzard, Norman H. Fudge,* contra.

ALMAND, Justice. The orders under review are one sustaining general demurrers to a motion to adjudge the defendants in error in contempt of court for failure to obey a prior injunctive order and to modify a final divorce decree fixing the custody of a minor child.

The pertinent facts are: In 1954 a final decree of total divorce was granted to Mrs. Annie Crawford Rowell (now James) and the custody of the minor child was awarded to the mother. In 1956 the father, William A. Rowell, filed a motion in the divorce case to modify the decree by having the child awarded to him. After a hearing on this motion and the petition of the mother in a separate action to restrain the father and his mother, Mrs. Leverta Rowell, from interfering with the mother's custody of the child, the court denied the father's motion but granted him visitation rights. The court also granted the mother's prayers for injunctive relief against the father and his mother. The father alone sought a review in this court of this order. We affirmed the judgment of the trial court. *Rowell* v. *Rowell,* 212 *Ga.* 584 (94 S. E. 2d 425). In April 1958, the mother filed a motion in the divorce case in which the final decree as to the custody of the child had been entered, praying: (a) that the father and his mother be adjudged in contempt because of their alleged disobedience of the order of March 30, 1956, (b) that the order of March 30, 1956, be modified so as

to deny the father the right of visitation, (c) for injunctive relief, and (d) for attorneys' fees. The father filed a motion to dismiss the mother's petition on the sole ground that the order of March 30, 1956, was null and void because, the custody of the child having been fixed by the final decree in 1954, the court had no authority to entertain any further motions in the divorce case either as to custody of the child or to adjudge him in contempt of court. Mrs. Leverta Rowell also filed a motion to dismiss upon the same grounds as the father and also upon the ground that she had never been made a party in the present case, and the court on March 30, 1956, did not have jurisdiction over her. The court sustained both motions and the mother in her bill of exceptions assigns errors on these orders.

The defendants in error contend that the order of March 30, 1956, is null and void under the ruling in *Perry* v. *Perry,* 212 *Ga.* 668 (95 S. E. 2d 2). We do not agree with this contention. In that case the mother challenged the authority of the court to entertain a motion of the father, filed in the case to which a final decree as to custody had been asked, to modify the decree; and this court held that the motion should have been sustained because the trial judge had no jurisdiction to reopen the parties' divorce case for the purpose of amending or modifying the judgment as to custody, since such jurisdiction would not continue because of the original action but could only be invoked by the filing of a new and independent action or habeas corpus proceeding based on changed conditions arising subsequently to the rendition of the original judgment and seeking, not an amendment or modification of the original judgment, but a new award of custody based on such changed conditions. The father in that case sought no relief other than the modification of the original decree so as to enlarge his visitation rights. That case did not involve an attempt, as here, to attack the validity of a judgment in a proceeding in which the father invoked the jurisdiction of the court. The motions to dismiss in the instant case only attacked the validity of the order of March 30, 1956, and did not attack the authority of the court to entertain the present proceedings, wherein there are prayers, in addition to the prayer as to modification, for other and independent relief. See,

in this connection, *Perry* v. *Perry,* 213 *Ga.* 847(1) (102 S. E. 2d 534), and *Harris* v. *Harris,* 205 *Ga.* 105(2) (52 S. E. 2d 598).

In rendering its judgment of March 30, 1956, the court had jurisdiction of the parties and the subject matter. The judgment is regular on its face, and the presumption is that there was sufficient evidence to authorize the judgment, and it is conclusive as to the subject matter which it purports to decide until it is reversed or impeached for fraud. *Kelsey* v. *Wiley,* 10 *Ga.* 371(2). It cannot be attacked collaterally on account of any error or want of regularity in its exercise. *Walker* v. *Morris,* 14 *Ga.* 323(2). An irregular judgment is one that is entered contrary to the manner of practice and procedure allowed by law in some material respect. Where jurisdiction is once attached, mere errors or irregularities in the proceedings, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void. *Georgia R. & Bkg. Co.* v. *Pendleton,* 87 *Ga.* 751 (13 S. E. 822), *Crow* v. *American Mortg. Co.,* 92 *Ga.* 815 (19 S. E. 31), *Lester* v. *Southern Sec. Co.,* 168 *Ga.* 307 (147 S. E. 529). In the instant case the judgment of March 30, 1956, stands unreversed and neither the father nor his mother can collaterally attack it when the mother seeks to enforce its provisions against them. *Porter* v. *Rountree,* 111 *Ga.* 369 (36 S. E. 761), *Hood* v. *Hood,* 143 *Ga.* 616 (85 S. E. 849).

The contention of Mrs. Leverta Rowell that she was not a party to the proceedings culminating in the order of March 30, 1956, in which an injunction against her was entered, is without merit. The record in this case, as well as in the case reported in 212 *Ga.* 584, supra, shows that she was properly before the court as a party in the action for injunctive relief, and she did not appeal the order restraining her from interfering with the mother's custody of the child.

Neither the father nor his mother in their motions to dismiss the petition of the mother set forth any valid reason why the judgment of March 30, 1956, was void, and the trial court erred in sustaining their motions and in dismissing the mother's petition.

*Judgment reversed. All the Justices concur.*