27641. PEPPERS v. McCANNON.
27679. JENNINGS v. PRESSLEY.

GUNTER, Justice. These two appeals result from the decision of this court in 1971 in the case of *Pressley v. Jennings,* 227 Ga. 366 (188 SE2d 896) (1971). This court affirmed the judgment of the trial court in that case. The trial court's judgment in that case contained the following: "Title to the said 10.0 acres tract is decreed to be in the plaintiff, Turner Jennings, Jr., together with the immediate right of possession . . . . As to the equitable relief sought, it having been stipulated that the injunctive relief sought would not have to be submitted to the jury but could be issued by the court, based on the jury's verdict, it is considered, ordered and adjudged that the defendants and each of them are enjoined from entering on any portion of the 10.0 acre tract described hereinabove for any purpose whatsoever other than to repair and service the "guy wires" located on said 10.0 acre tract, having been placed thereon by the defendant, Walter McCannon, with the permission and consent of the plaintiffs,

Walter Peppers and Turner Jennings, Jr." That judgment was entered July 23, 1970.

Following the affirmance of the trial court's judgment by this court, McCannon brought an action against Peppers seeking to enjoin the latter who had by now purchased the 10 acre tract from Jennings from interfering with McCannon's right to repair and service the "guy wires" on the 10 acre tract. This action was filed by McCannon on October 6, 1972.

On October 13, 1972, Peppers filed a motion in the trial court seeking to amend that part of the judgment relating to injunctive relief that had been entered by the trial court on July 23, 1970, and affirmed by this court in 1971.

The trial judge overruled Peppers' motion to amend the 1970 judgment, and Peppers has appealed (No. 27679).

In the other case (No. 27641) the trial court granted the injunctive relief sought by McCannon. The judgment entered restrained Peppers from further interfering with McCannon's right to go on to the property for the purpose of repairing and servicing the "guy wires"; the judgment decreed that McCannon had the right to go on to the land to make periodic inspections of the "guy wires" as part of the servicing provisions of the original judgment; and the judgment commanded both parties "to comply with the terms of this order and judgment."

Peppers therefore lost both cases at the trial level, and he has appealed.

In the original case the "equitable relief" part of the judgment entered in 1970 was not objected to or attacked by Peppers or any other party to that case at any time after its entry. There was no cross appeal, and the 1970 judgment was affirmed by this court as it was rendered by the trial court.

It is clear that Peppers must have the 1970 judgment of the trial court amended by deleting the "equitable relief" portion thereof before he can prevail in the

other case now on appeal.

The proper time for Peppers to attack the 1970 judgment or any portion thereof with which he was in disagreement was before said judgment was affirmed on appeal by this court. He waited a year and a half after affirmance by this court before filing his motion to amend the judgment by deleting the "equitable relief" feature.

The Civil Practice Act (Code Ann. § 81A-160 (h)) provides:"...Any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."

We therefore hold that the motion to amend the 1970 judgment, affirmed by this court in 1971, came too late when filed in October, 1972.

*Judgments in both cases affirmed. All the Justices concur.*

SUBMITTED JANUARY 8, 1973 — DECIDED APRIL 13, 1973.

*Rupert A. Brown, George B. Brooks,* for appellants.
*Hudson & Mongomery, Jim Hudson,* for appellees.