PER CURIAM.
This is an appeal from a final judgment for a masonry subcontractor on a claim of lien transferred to a bond. The testimony sustains the court’s view that the monies owed for completed work more than offset the value of any cleanup services which the subcontractor remained obligated to perform. Therefore, when the contractor refused to make further payments, the court was warranted in concluding that the subcontractor was entitled to leave the job and enforce a lien for the work he had finished less the cost of cleanup. The evidence is confusing and contradictory with respect to the exact amount which was owed, but we cannot say that there is insufficient evidence to support the court’s conclusion that the subcontractor should have been paid the net amount of $8,130.38.
The award of attorney’s fees cannot stand because there were no stipulations with respect to attorney’s fees and no testimony presented concerning what would be a reasonable fee. United Bonding Ins. Co. v. Presidential Ins. Co., Fla.App.2d, 1963, 155 So.2d 635. Likewise, the interest must be recomputed because the court erroneously calculated interest from April 3, 1973, when the record reflects that April 27, 1973, was the earliest date upon which any money was owing.
The case is remanded for a hearing to determine the amount of a reasonable attorney’s fee to be awarded appellee’s attorney for services in the trial court and to recompute the interest. Otherwise, the judgment is
AFFIRMED.
McNULTY, C. J., and BOARDMAN and GRIMES, JJ., concur.