55645, 55646. SMITH v. SMITH; and vice versa.

WEBB, Judge.

In 1974 Henry Grady Smith, Sr., who was then 80 years old, filed suit against his son, Henry Grady Smith, Jr., alleging that Smith Jr. obtained title to approximately 1300 acres of real property which he owned in Floyd County by exerting undue influence and fraud upon him. Smith Jr. responded that he purchased the property for $150,000 and that the purchase price was paid by giving Smith Sr. $1,000 at the time of purchase and executing a promissory note in the principal amount of $149,000,

payable over a ten-year period. The note was secured by a warranty deed to secure debt given by Smith Jr. to Smith Sr. The case resulted in a jury verdict and judgment for Smith Jr., which was affirmed by the Supreme Court. *Smith v. Smith*, 235 Ga. 109 (218 SE2d 843) (1975).

Smith Sr. then filed the present action. The complaint was in four counts. Count 1, which raised the issue of whether the deed was delivered as required by Code § 29-101, was eliminated when the court granted Smith Jr.'s motion for summary judgment on the ground that the first decision of the trial court and affirmation by the Supreme Court operated as a bar to the cause of action therein alleged. Count 2 was dismissed by Smith Sr.

In Count 3 Smith Sr. contended that Smith Jr. was indebted to him in the amount of $22,157.01 paid by him at his son's request. Smith Jr. denied that he was indebted to his father for monies paid on his behalf.

Count 4 alleged that Smith Jr. had executed a promissory note for $149,000, which had been lost, stolen or destroyed without fault on the part of Smith Sr.; that the note was secured by a deed to secure debt; and that in order to protect the property described in the deed Smith Sr. had paid the 1972 and 1974 ad valorem taxes. He asked for a judgment in the amounts due on the promissory note and paid in ad valorem taxes, and that the judgment be made a special lien on the property.

Smith Jr. admitted the existence of the note and deed, and stated that if the taxes were paid, the payment was a gift to him from his father. He also filed a counterclaim alleging that after he acquired title to the property he had made "huge investments of time, labor and monies in the farming operation" conducted thereon, and that as a result of his efforts "great quantities" of cotton, grain and cattle were produced. He contended that Smith Sr. had wrongfully taken from him the fruits of his labor and denied him benefits in the amount of $49,000, seeking damages in that amount.

At the conclusion of Smith Sr.'s evidence the trial court granted Smith Jr.'s motions for directed verdict as to Counts 3 and 4. However, Smith Sr. was allowed to reopen his case as to Count 3, and after hearing evidence the court vacated its ruling directing a verdict for Smith Jr. as to

Count 3. Smith Sr.'s motion for directed verdict as to the counterclaim was granted, and the case was submitted to the jury, which returned a verdict for Smith Sr. "in the amount of $144,198.51, the total of the taxes and principal, less Mr. Smith, Jr.'s payments to date of $8200.00." From this judgment and from the grant of Smith Jr.'s motion for summary judgment as to Count 1, appeal and cross appeal were filed.

1. Smith Jr. ascribes error in the denial of his motion for directed verdict as to Count 4, and his motions for j.n.o.v. and new trial, on the ground that the alleged indebtedness of $149,000 under the promissory note was not proved, since the note itself was the highest and best evidence and it was not introduced. However, he admitted the execution of the note, admitted that he was in default in repayment, admitted the execution of the deed to secure debt attached to the complaint and testified that he did not know the whereabouts of the note which his father swore was lost or destroyed through no fault of his own. The terms of the note were fully described in the security deed, and it could properly be considered because Smith Jr.'s admissions were conclusive against him under Code § 38-402.

"Where a promissory note is thus sued on, and its loss occurred prior to the suit, it is the better practice to allege the fact of the loss in the petition, attaching or setting forth a copy of the paper; but it is not essential to do so, and where the loss or destruction of the original is proved at the trial, the plaintiff may recover upon proper and sufficient evidence of its contents. [Cits.]" *Trice v. Adams,* 33 Ga. App. 257 (2) (125 SE 878) (1924).

2. If the trial court abused its discretion in permitting Smith Sr. to reopen his case after directing a verdict for Smith Jr., and we do not decide this question, it was harmless error since the jury did not find in Smith Sr.'s favor on this question. In Count 3 Smith Sr. was attempting to recover monies which he contended his son had wrongfully taken from his checking account, but it is clear that the verdict was based solely on Count 4 for the purchase price under the note, and taxes, less payments made by Smith Jr.

3. Smith Sr. was entitled to a directed verdict on his

son's counterclaim. While the evidence indicated that Smith Jr. had made investments of time, labor and money in the farming operation, it did not establish the value of the crops sued upon. Indeed, his own testimony was that "anything I give you as to the amount of the crop for '73 or '74 is going to be a speculation on my part because I never received any proceeds." Moreover, even if the value of the crops had been proven, the evidence was inconclusive as to what, if any, share went to Smith Sr. Thus there was no evidence to authorize a recovery against Smith Sr. on the counterclaim.

4. Smith Sr. asserts error in the cross appeal as to the grant of summary judgment on the basis that Count 1 was barred by the doctrine of res judicata. In the first action he asked that certain instruments, purporting to be an option and a deed, be delivered up, canceled and be declared null and void as a cloud on his title; and that possession of the land be returned to him. The prayers in Count 1 of the instant action are the same. In the former action Smith Sr. alleged that the instruments were obtained from him by Smith Jr. through fraud, whereas here he argues that there was no delivery, but the delivery argument could also have been raised in the first case.

"A judgment of the court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, *or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered,* until such judgment shall be reversed or set aside." Code § 110-501. (Emphasis supplied.) "Applying Section 13 of the Civil Practice Act and Code § 110-501, this court has held that a defendant in a former action had 'a duty to litigate each and every issue which existed between the parties touching the subject matter' of a subsequent action in which she was the plaintiff. *Leggett v. Gibson-Hart-Durden Funeral Home,* 123 Ga. App. 224, 225 (180 SE2d 256)." *Myers v. United Services Auto Assn.,* 130 Ga. App. 357, 361 (203 SE2d 304) (1973).

The Supreme Court in ruling that the question of Smith Sr.'s intent to surrender dominion of the farm was not recognized as an issue in the prior case noted that "The father could have made this additional issue known to the

son prior to the close of the evidence but he did not do so." *Smith v. Smith,* 235 Ga. 109, 114, supra. This applies equally to the delivery issue. "This second theory of recovery, if it exists at all, was ascertainable under the original complaint as amended. Under our practice of notice pleading, the plaintiff has the benefit of any theory of recovery which can be gleaned from his complaint. Accordingly, restyling the complaint in the terms of a theory of recovery ascertainable in the original case did not cause the case to survive the prior adjudication on the merits." *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 605 (203 SE2d 173) (1973).

*Judgment affirmed in the appeal and in the cross appeal. Quillian, P. J., and McMurray, J., concur.*

ARGUED APRIL 5, 1978 — DECIDED APRIL 28, 1978.

*Patton & Hoyt, Jack R. Hancock,* for appellant.
*Wright, Walther & Morgan, Robert G. Walther, Zorn & Royal, William A Zorn,* for appellee.