## 59779. SMITH v. SMITH.

SOGNIER, Judge.

In 1974 Henry Grady Smith, Sr., then 80 years of age, sued his son alleging that he had obtained, by fraudulent means, title to 1,300 acres of land in Floyd County. The son successfully defended, claiming that he purchased the land for $150,000. *Smith v. Smith,* 235 Ga. 109 (218 SE2d 843) (1975). Thereafter the father sought recovery of the balance of the purchase price from the son plus certain taxes the father had paid to preserve the security. The note had been lost, stolen or destroyed, but proof of the note's terms by the deed to secure debt was permitted. The father obtained judgment against the son for the sum of $144,198.51 on November 2, 1977. On April 28, 1978 this judgment, unequivocal and unconditional in terms, was affirmed by the Court of Appeals, *Smith v. Smith,* 145 Ga. App. 816 (244 SE2d 917) (1978), and thereafter the son paid the judgment. The defendant son then sought and obtained an order from the trial court on October 3, 1978 requiring his father to post bond to indemnify the son should the note turn up in the hands of an innocent holder for value.

On November 24, 1978 the father died and on December 7, 1979 the son sought an order from the Superior Court of Floyd County to compel compliance with the order of October 3, 1978 requiring bond and to substitute the executor of his father's estate as party plaintiff. No service was made on the executor. The court dismissed the son's motions for lack of jurisdiction and he appeals.

Once the judgment of the trial court, entered November 2, 1977, was affirmed by this court on April 28, 1978, the judgment was final and could not be amended. The attempt to obtain bond was a purported amendment or modification of the original judgment whether or not it was labelled as such. The proper time to amend or modify the original judgment of November 2, 1977 was prior to its affirmance on appeal; thus, the motion to amend by requiring bond came too late. *Peppers v. McCannon,* 230 Ga. 387, 389 (197 SE2d 361) (1973). Therefore, the Floyd County Superior Court lacked jurisdiction to amend the judgment or to issue the order to compel bond on October 3, 1978.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED APRIL 8, 1980 — DECIDED JULY 7, 1980.

H. G. Smith, Jr., *pro se.*