A93A0175. McIVER v. JONES.
(434 SE2d 504)

BEASLEY, Presiding Judge.

McIver, executor of the estate of Manuel Jones, sued decedent's brother Joseph, seeking to cancel a 1986 deed to 315 acres of land in

Telfair County, to impress a constructive trust on the property in favor of Jones' estate, and for injunctive relief. The executor appeals the grant of summary judgment in favor of Joseph. The sole issue is whether the action is barred by the doctrine of res judicata. It is and we affirm.

In 1986, Manuel Jones was the record owner of the acreage. In that year, he underwent brain surgery and incurred hospital expenses of $137,000. Fearing that the hospital might obtain a judgment against him and levy on the land to satisfy the indebtedness, Manuel and his wife Annie decided to convey the land to Manuel's brother Joseph, with the understanding that Joseph would deed the property back at a later date. Annie admitted on deposition that the purpose was to avoid any hospital claim to the land. Manuel, Annie and Joseph were present in their attorney's office in October 1986 where the deed was prepared. Manuel made his mark on the document, Annie signed his name and Manuel handed it to Joseph. It was recorded on October 13.

A second deed to the property was prepared in April 1987, which Joseph signed with his mark as grantor. Although it was witnessed and notarized, no grantee was designated and the deed was not recorded. Joseph, who is illiterate, averred that when he signed the document, Annie represented to him that he was reconveying a portion of the property to Manuel to help pay a hospital bill. He was unaware that the grantee designation was blank when he signed it. Annie deposed that the two deeds were part of a continuing transaction whereby it was understood that Joseph would deed the property back to Manuel or his designee as part of the original agreement. It was Joseph's understanding that Manuel conveyed the land to him so it would remain in the family; he professed to be unaware of the plan between Annie and Manuel.

In 1990, Manuel learned that Joseph intended to cut some timber on the property and the 1987 deed was produced. It apparently had remained in Annie's possession prior to that time. It was then that Annie was designated as grantee and the deed was recorded.

Claiming that Annie's name had been filled in without his permission, Joseph sued her to cancel the 1987 deed.[1] Annie counterclaimed seeking cancellation of the 1986 deed from Manuel to Joseph, claiming nondelivery. Neither Manuel nor his estate was a party to that first action. Directed verdicts were granted to Joseph on both the main claim and the counterclaim. The result was that the court upheld the validity of the first deed from Manuel to Joseph but canceled

---

[1] Manuel Jones died in 1990. Annie Jones disappeared in 1991. Her adopted daughter, Elizabeth McIver, was appointed conservator of her estate and defended the action in her name.

the second deed from Joseph to Annie. The Supreme Court affirmed the judgment without opinion. *McIver v. Jones*, 261 Ga. XXIX (1992).

In a detailed and well-reasoned order, the trial court granted summary judgment to appellee Joseph, concluding that the former judgment is a bar to the present action to cancel the 1986 deed from Manuel to Joseph. Appellant contends that the doctrine of res judicata is inapplicable.

OCGA § 9-12-40 codifies the common-law rule of res judicata: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." "[T]he following three elements must be present: ' "(1) identity of the parties(, including their privies); (2) identity of the cause of action; and (3) adjudication by a court of competent jurisdiction." ' [Cit.]" *Franklin v. Gwinnett County Pub. Schools*, 200 Ga. App. 20, 21 (1) (407 SE2d 78) (1991).

(a) Identity of parties. Appellant contends, erroneously, that identity of parties is lacking because neither Manuel nor his estate was a party to the first litigation.

Although Manuel was not named as a party to the first action, the trial court found by undisputed evidence that "Manuel and Annie Jones conspired in a scheme to defraud the creditors of Manuel Jones by deeding the realty to Joseph Jones." Annie's deposition testimony unequivocally confirms that she and Manuel, acting in concert, agreed to a series of transfers of title to defeat Manuel's creditors.

A conspiracy consists of "a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means." *Shelton v. Bowman Transp.*, 140 Ga. App. 248, 249 (230 SE2d 762) (1976). Manuel's liability is predicated on the same misconduct which was the subject of the original suit. *Caswell v. Caswell*, 162 Ga. App. 72 (290 SE2d 171) (1982). " 'Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. . . .' [Cit.]" *Smith v. Wood*, 115 Ga. App. 265, 269 (154 SE2d 646) (1967). Co-conspirators are considered to be in privity for purposes of res judicata. *Oxendine v. Elliott*, 170 Ga. App. 422 (2) (317 SE2d 555) (1984); *Caswell*, supra. "What [Manuel is] accused of, in effect, is complicity with the original defendant[/counterclaimant]." *Caswell*, supra at 73.

The executor is in privity, too; the transaction is not washed of its conspiratorial aspects by the death of a conspirator or the appointment of an executor for his estate.

(b) Identity of the cause of action. In the first action, Annie

sought cancellation of the 1986 deed from Manuel to Joseph on the basis of nondelivery of the document. Appellant contends that additional grounds for cancellation were presented in the second litigation which were not considered in the first, distinguishing it.

Res judicata bars subsequent actions "as to all matters put in issue or which under the rules of law might have been put in issue" in the original action. OCGA § 9-12-40. The subject matter was identical in both actions, i.e., cancellation of the 1986 deed. Annie had a full opportunity in the first action to litigate each and every claim existing between the parties which touched on that issue. See *Winters v. Pund*, 179 Ga. App. 349, 352 (346 SE2d 124) (1986). It was her duty to do so. *Smith v. Smith*, 145 Ga. App. 816, 819 (244 SE2d 917) (1978). Compare *Lawson v. Watkins*, 261 Ga. 147 (1) (401 SE2d 719) (1991) (where the subject of the two actions is not identical, res judicata is not a bar). The adding of additional claims for relief " 'which grow[ ] out of the same factual situation do[ ] not amount to the adding of a new or different cause of action. . . .' [Cits.]" *Winters*, supra at 353.

(c) Adjudication by a court of competent jurisdiction. Appellant asserts that judgment on the counterclaim in the first action was invalid because of the failure to join Manuel's estate as an indispensable party. " 'The doctrine of res judicata prevents relitigation of those issues which were actually raised in the first suit and any and all claims which "under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." ' [Cit.]" *Franklin*, supra at 21. The requirement that the court have jurisdiction over any potential claims that the parties might have asserted has been satisfied.

"The judgment is regular on its face, and the presumption is that there was sufficient evidence to authorize the judgment, and it is conclusive as to the subject matter which it purports to decide until it is reversed or impeached for fraud. . . . [M]ere errors or irregularities in the proceedings, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void." *Rowell v. Rowell*, 214 Ga. 377, 379 (105 SE2d 19) (1958). The judgment of the first tribunal was affirmed by the Supreme Court, foreclosing challenge to the trial court's competency to grant relief requested in the counterclaim.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JULY 7, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 — ▮▮▮▮▮▮▮▮

*Dewey Hayes, Sr., Dewey Hayes, Jr., Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith*, for appellant.

674

*W. McMillan Walker, B. W. Walker*, for appellee.