630 So.2d 214 (1993)
Fadel ELBADRAMANY, Appellant,
v.
BRYSON CRANE RENTAL SERVICES, INC., and Old Dominion Insurance Company, Appellees.
No. 93-450.
District Court of Appeal of Florida, Fifth District.
December 23, 1993.
Rehearing Denied January 25, 1994.
*215 Manuel Socias, Orlando, for appellant.
Peter B. Heebner, Daytona Beach, for appellee Bryson Crane Rental Services, Inc.
No appearance for appellee Old Dominion Ins. Co.
W. SHARP, Judge.
Elbadramany appeals from an amended final judgment of foreclosure of a mechanic's lien entered against him in favor of Bryson Crane Rental Services. He argues the trial court erred by refusing to permit him to present evidence of his damages at the hearing following his default, by increasing the attorneys fees awarded to Bryson between the final judgment and the amended final judgment without a second hearing, and by awarding Bryson prejudgment interest. We reverse and remand for a new trial on damages and attorney's fees.
The record discloses that Elbadramany hired Bryson to provide a crane, crane operator, truck and trailer, to transport a floating dock from the Daytona Beach City Marina and unload it at his home. Bryson established the parties entered into an oral contract for $1,200 to accomplish this project. After completion, Elbadramany claimed damages to his driveway and refused to pay Bryson for its work.
Elbadramany sued Bryson for damages to his driveway. Bryson filed a compulsory counterclaim to recover on its oral contract for services rendered and to foreclose its mechanic's lien. Elbadramany answered, alleging failure to do the job in a workman-like manner and damage to his driveway.
At a pretrial conference, the attorney for Elbadramany moved to withdraw. Elbadramany was given thirty days to employ new counsel, but he did not do so. When he failed to appear at another pretrial conference, the judge entered a default judgment against him on his complaint. The trial court's refusal to set aside the default was appealed to this court and was affirmed.
The case then proceeded solely on Bryson's counterclaim. Although there is no transcript of the hearing on this matter, both parties agree that Elbadramany was not permitted by the trial court to present evidence of damage to his property by way of setoff or mitigation of damages, because he had been defaulted. This was error. See Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983).
Allie v. Ionata, 503 So.2d 1237 (Fla. 1987) is determinative of this issue. Ionata sued Allie for rescission and restitution as a result of land sold to him by Allie. Allie filed a compulsory counterclaim, and claimed Ionata's action was barred by the statute of limitations. Allie's counterclaim was held in abeyance, and after a jury verdict was entered for Ionata, Allie's counterclaim was denied. Allie appealed and this court reversed and remanded, holding that the statute of limitations barred Ionata's action. An amended final judgment was entered against Ionata on his claim on remand.
After remand, Allie revived his pending counterclaim and Ionata pled recoupment as a defense. Summary judgment was granted in favor of Ionata, and Allie again appealed to this court. We certified to the Florida Supreme Court the question of whether the running of a statute of limitations in an independent cause of action barred recovery of an affirmative judgment of recoupment on a compulsory counterclaim. The supreme court held that a compulsory counterclaim permits a party to obtain affirmative relief of damages, even where the claim is barred as an independent action.
However, the court found that the foregoing did not resolve the issue in that case. *216 Ionata's bar to affirmative relief did not lie in the statute of limitation, but rather in the existence of an amended final judgment against him on the same claim he was then asserting in recoupment. This amended final judgment had never been appealed, and Ionata had not sought to defer entry of it until the resolution of the counterclaim. While Ionata was permitted to recoup losses, they were limited to set-off and not affirmative relief. The court noted:
[B]ut for the final judgment in Allie's favor upon the remand ... the rule ... would have entitled Ionata to an affirmative judgment on his recoupment claim in spite of the bar... . Because of the existence of the final judgment adversely dismissing Ionata's affirmative claim, however, he is limited in recoupment to the amounts now claimed by Allie as balance due.
Allie at 1242.
A default judgment bars any claims asserted therein and operates as res judicata on the issues. Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926); AGB Oil Co. v. Crystal Exploration and Production Co., 406 So.2d 1165 (Fla. 3d DCA 1981), rev. denied, 413 So.2d 875 (Fla. 1982); Sottile v. Gaines Construction Co., 281 So.2d 558 (Fla. 3d DCA 1973), cert. denied, 289 So.2d 737 (Fla. 1974). But as in Allie, the default judgment entered against Elbadramany does not preclude him from defending against it by setting off or recouping his losses. He is entitled to present evidence on these issues, although he can be awarded no affirmative relief. Allie. See also, Beekner v. L.P. Kaufman, Inc., 145 Fla. 152, 198 So. 794 (1940); Payne v. Nicholson, 100 Fla. 1459, 131 So. 324, 326 (1930) (one may raise as a defense a claim otherwise barred).
Elbadramany also claims the award of prejudgment interest was improper. In Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), the supreme court held that prejudgment interest in Florida is awarded to make a party whole. It is not a penalty. As such, prejudgment interest is awardable where the final judgment determines a certain sum was due and owing on a given date after an evidentiary hearing, even if the claim is unliquidated.
However, in its oral contract the appellee agreed, at least implicitly, to do its work in a proper manner without damage to appellant's driveway. If it is shown that damage was done to the driveway in the performance of the contract, then the contract damages were not due on any particular date, and an award of prejudgment interest would be improper. The award of prejudgment interest should be litigated as well on remand.
Appellant argues that the trial court erred in increasing the attorneys fees awarded to Bryson, following a motion for rehearing after the final judgment, but before rendition of the amended final judgment. No testimony or evidence was presented. And, the parties had not agreed this issue would be determined by affidavits. Accordingly, the increased amount awarded must be quashed. Kennedy v. Kennedy, 101 Fla. 239, 134 So. 201, 202 (1931); Demetree Builders, Inc. v. Powers, 335 So.2d 350, 351 (Fla. 2d DCA 1976); United Bonding Insurance Co. of Indianapolis v. Presidential Insurance Co., 155 So.2d 635 (Fla. 2d DCA 1963).
But, we think this matter must also be resolved by a trial on remand, and accordingly we reverse all of the attorney's fee award. If Bryson's oral contract claim is defeated or substantially offset by Elbadramany's damage claim, Bryson would not be entitled to any attorney's fee award pursuant to section 713.29, Florida Statutes (1991). And, any such award would also be subject to setoff or recoupment pursuant to Allie.
We reverse the foreclosure judgment and remand this cause to the trial court for the purpose of conducting an evidentiary hearing on Bryson's contract damages. Elbadramany shall be allowed to defend by proving damages caused by Bryson by way of setoff or recoupment only.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.