A95A2805. CENTRUST MORTGAGE CORPORATION v. SMITH & JENKINS, P. C. et al.
(469 SE2d 466)

BLACKBURN, Judge.

CenTrust Mortgage Corporation (CenTrust) appeals the dismissal of an action it filed against its attorneys regarding a botched real estate closing.

On August 3, 1990, appellees Smith & Jenkins, P. C., Stephen Jenkins and Richard Smith (hereinafter collectively "Smith & Jenkins") acted as the closing agents for a mortgage loan extended by CenTrust to John B. Webster. The loan transaction was a refinance of two existing mortgages secured by a home located in Fulton County (the "property"). Title to the property was to be completely transferred to Webster, and the closing was to be conducted pursuant to written closing instructions provided by CenTrust which required as a condition of the closing that Smith & Jenkins supply CenTrust with a valid first lien on the property. CenTrust seeks recovery against Smith & Jenkins for two errors allegedly committed in connection with the closing — one involving the title search and one involving the alteration of an already executed deed.

As to the first alleged error, the independent, non-lawyer title ex-

aminer working on behalf of Smith & Jenkins failed to detect that Webster had filed for bankruptcy protection approximately five weeks prior to the closing. As to the second alleged error, upon Webster's representation that he presently owned the property jointly with his wife, Smith & Jenkins prepared a quitclaim deed whereby Mrs. Webster conveyed her one-half interest in the property to her husband. However, after Mrs. Webster signed the quitclaim deed, a review of the title search revealed that she was the property's sole owner, and, thus, the quitclaim deed should have conveyed her entire interest in the property to Mr. Webster. Smith & Jenkins then changed the deed by "whiting out" the words "undivided half-interest." Smith & Jenkins claim that this change was made with Mrs. Webster's full knowledge and consent, an assertion that Mrs. Webster disputes.

CenTrust learned of Webster's bankruptcy in December 1990, several months after the closing, when Webster defaulted on the loan and CenTrust commenced foreclosure proceedings. In July 1994, CenTrust brought the present action against Smith & Jenkins as well as American Title Insurance Company and Vista Title Company. CenTrust did not support its claims against Smith & Jenkins with an expert affidavit required in certain malpractice cases by OCGA § 9-11-9.1. In response to Smith & Jenkins' motion to dismiss for failure to file the affidavit, CenTrust reformulated its complaint and argued that an affidavit was not required as its complaint against Smith & Jenkins was based on claims of simple negligence and breach of contract — not malpractice. The trial court disagreed with CenTrust, holding that regardless of how they were styled, CenTrust's claims were effectively claims for professional malpractice. The trial court then dismissed the complaint against Smith & Jenkins for failure to attach an expert affidavit as required by OCGA § 9-11-9.1. CenTrust's suit against the other defendants continued unaffected.

In March 1995, after this court denied CenTrust's application for interlocutory review, CenTrust sought leave to amend its complaint so as to add Smith & Jenkins back into the lawsuit, asserting a new malpractice claim against them concerning the altered deed. CenTrust did not become aware of the alteration until December 1994 and argued that this was newly discovered evidence so as to permit the amendment. CenTrust supported its proposed amendment with an expert malpractice affidavit required by OCGA § 9-11-9.1. On May 15, 1995, the trial court denied CenTrust's motion seeking leave to amend holding that the new claim was barred by the doctrines of res judicata and collateral estoppel as well as by the statute of limitation. This appeal ensued.

1. CenTrust first argues that the trial court erred in dismissing its initial claims against Smith & Jenkins for failure to file a malpractice affidavit. CenTrust correctly states: "Not every claim which calls into

question the conduct of one who happens to be a lawyer is a professional malpractice claim requiring expert testimony or an OCGA § 9-11-9.1 affidavit." *Hodge v. Jennings Mill, Ltd.*, 215 Ga. App. 507, 508 (451 SE2d 66) (1994). However, expert testimony and an affidavit will be required for those claims "for professional *malpractice by negligent act or omission, sounding in tort or by breach of contract* for failure to perform professional services in accordance with the professional obligation of care." Id. This is such a claim. CenTrust attempts to argue that no professional malpractice could have occurred in performing the title search because Smith & Jenkins chose to assign the task to a non-lawyer. This fact is not determinative as a lawyer can be held liable in professional malpractice for work performed under his supervision. See *Creel v. Cotton States Mut. Ins. Co.*, 260 Ga. 499, 500 (397 SE2d 294) (1990). Rather, the key question is did the task in question require the exercise of professional judgment and skill. See *Hodge*, supra. In this case, the title work did involve questions of professional judgment and skill. See *Brown v. Kinser*, 218 Ga. App. 385 (461 SE2d 564) (1995) (claim against closing attorney for deficiency in title examiner's search was characterized as a legal malpractice claim). For example, a question exists as to whether a competent title searcher exercising the requisite standard of care would have looked at bankruptcy filings of the purchaser or whether he could properly limit his examination to filings made by the property's grantor. Moreover, a question exists as to whether Webster's bankruptcy filing was capable of being located or whether the bankruptcy notice was lost in the "gap" between filing and publication as alleged by Smith & Jenkins. The proper standard for conducting title searches and the violation thereof by Smith & Jenkins' agent would need to be established for the factfinder by expert testimony. Consequently, the trial court correctly determined that these claims were, in essence, claims of professional malpractice, and were subject to dismissal in light of CenTrust's failure to file an expert affidavit as required by OCGA § 9-11-9.1. See *Hodge*, supra.

2. CenTrust asserts that the trial court erred in not permitting it leave to amend its complaint against Smith & Jenkins. The trial court did not permit the amendment on the grounds that the issue concerning the alteration of the deed was precluded by the doctrine of res judicata. We agree with the trial court's determination. Three elements are necessary to establish res judicata including: (1) the identity of the parties; (2) identity of the cause of action and (3) adjudication by a court of competent jurisdiction. *McIver v. Jones*, 209 Ga. App. 670 (434 SE2d 504) (1993).

In the present matter, the identity of the parties is not in question. As to the second issue, res judicata bars subsequent actions "as to all matters put in issue or *which under the rules of law might have*

*been put in issue*" in the original action. (Emphasis supplied.) OCGA § 9-12-40. This requirement has been interpreted to mean that " 'one must assert all claims for relief concerning *the same subject matter* in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to OCGA § 9-12-40.' " *Fowler v. Vineyard,* 261 Ga. 454, 458 (405 SE2d 678) (1991) citing *Lawson v. Watkins,* 261 Ga. 147, 149 (401 SE2d 719) (1991). The subject matter of the present case concerns a real estate closing allegedly conducted in an improper fashion such that Cen-Trust did not receive clear title to the property in the event of the borrower's default.

CenTrust asserts that the issue regarding the altered deed could not have been included in its original action as CenTrust did not learn about the altered deed until December 1994, several months after its suit was filed. We find this argument to be without merit. While this discovery was made several months after the suit was initiated, the discovery was made while Smith & Jenkins' motion to dismiss was pending in the trial court. Even assuming, as CenTrust alleges, that Smith & Jenkins initially concealed that the deed had been altered, CenTrust could have easily amended its complaint in December 1994 upon learning of the alteration. OCGA § 9-11-15 (a). Instead CenTrust chose to wait several months to pursue this claim.[1] Clearly, CenTrust had the opportunity to pursue any claim concerning the altered deed earlier in the litigation, it simply chose not to. Consequently, CenTrust cannot now complain that it had no prior opportunity to litigate the issue. As to the third element, the dismissal of CenTrust's initial malpractice complaint for failure to comply with the affidavit requirement of OCGA § 9-11-9.1 was made by a court of competent jurisdiction. Moreover, the dismissal was adjudication on the merits of the malpractice claim. *Lutz v. Foran,* 262 Ga. 819, 824 (427 SE2d 248) (1993). "In order that a judgment or decree should be on the merits, it is not necessary that the litigation should be determined on the merits, in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases." (Punctuation omitted.) *Gamble v. Gamble,* 204 Ga. 82, 88-89 (48 SE2d 540) (1948).

As the three elements necessary to demonstrate res judicata have

---

[1] CenTrust did not seek leave to amend its complaint until March 15, 1995, one day after this court denied CenTrust's application for interlocutory review of the trial court's decision to dismiss CenTrust's original claims. Thus, it appears that CenTrust was looking for a theory that would keep Smith & Jenkins in the lawsuit. This is not the purpose nor the intent of OCGA § 9-11-15. See *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 606 (203 SE2d 173) (1973) (Georgia's liberal amendment provisions should not be used to theory shop by parties dissatisfied with the outcome of their litigation).

been met, the trial court's denial of CenTrust's motion for leave to amend is affirmed.

3. In light of our disposition in Divisions 1 and 2, it is not necessary to reach the other errors enumerated by CenTrust.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 28, 1996.

*Schweber, Izenson & Anderson, Scott A. Schweber, Barry L. Anderson, Weiss, Jensen, Ellis & Howard, John A. Bender, Jr.*, for appellant.

*Wilson, Brock & Irby, Frank L. Wilson III, Smith, Ronick & Corbin, H. Robert Ronick, Robert T. Efurd, Jr.*, for appellees.