**In re W.G. WADE SHOWS, INC.,**
**d/b/a Wade Shows, Debtor.**

**Bankruptcy No. 97–16028–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 10, 1998.

Stephen R. Leslie, Tampa, FL, for Debtor.

Sara Kistler, Tampa, FL, Asst. U.S. Trustee.

Camille J. Iurillo, St. Petersburg, FL, Steve Bennett, Kingston, GA, Steve Bennett, Rome, GA, for Robert and Charlotte Mathis.

## ORDER ON DEBTOR'S OBJECTION TO CLAIM NUMBER 5 OF ROBERT AND CHARLOTTE MATHIS AND CLAIM NUMBER 13 OF ROBERT AND CHARLOTTE MATHIS WITH SUPPLEMENTAL AMENDED SERVICE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet to be confirmed Chapter 11 case and the matter under consideration is a challenge by W.G. Wade Show, Inc. d/b/a Wade Shows (Debtor) to the allowability of Claim Nos. 5 and 13 filed by Robert D. and Charlotte A. Mathis (Claimants). In due course, the Claimants filed their response to the Objection. At the hearing scheduled to consider the Objection, the Court heard argument of counsel for the respective parties, considered the record, including the Claimants' Response to the Objection and finds the following undisputed facts as they appear from the record:

The Debtor filed its voluntary Petition for Relief under Chapter 11 on September 27, 1997. On October 15, 1997, the Claimants filed Proof of Claim No. 5, asserting a secured claim in the amount of $600,000.00. Subsequently, the Claimants amended Claim No. 5 which is now superseded by Claim No. 13. Claim No. 13 was filed as a general unsecured claim in the amount of $633,139.68 and is comprised of two elements: (1) compensatory damages in the amount of $100,-000.00; and (2) punitive damages in the amount of $500,000.00; together with post-judgment interest in the amount of $33,-139.68.

It appears from Exhibit A to the Debtor's Objection that the claims were first presented by the Claimants in the Superior Court of Floyd County, Georgia, by the commencement of a lawsuit against Edward F. Coatney, a/k/a Frank Underwood and W.G. Wade Shows, Inc., A Michigan Corporation, Case No. 96–CV–7416–1. In their suit, the Claimants sought damages from the Debtor based on the theory of *respondeat superior* contending that the intentional tort allegedly committed by Edward F. Coatney (Mr. Coatney), rendered the Debtor vicariously liable for the damages caused by Mr. Coatney's tortious conduct. It is without dispute that

in the suit the Debtor was properly served with a summons but elected not to participate. The Superior Court conducted a full day trial in which the Debtor did not participate. The Superior Court entered a Final Judgment by Default (Final Judgment) in favor of the Claimants and against the Debtor awarding $100,000.00 in compensatory damages and $500,000.00 in punitive damages, which the Debtor did not appeal. Thus, the Final Judgment is now a final determination of the Debtor's liability.

Notwithstanding, the Debtor contends that this Court should sustain the Objection and disallow Claim No. 13 because Mr. Coatney was never, in fact, employed by the Debtor; that Mr. Coatney was an independent contractor and, therefore, the basis for the Final Judgment on the doctrine of *respondeat superior* was inapplicable and improper. In addition, it is the Debtor's contention that, in any event, punitive damages are not allowable in a Chapter 11 case as a matter of law.

The Claimants respond that the Final Judgment was entered by a court of competent jurisdiction and this Court must, by virtue of the Full Faith and Credit Doctrine, respect and accept the Judgment. The Claimants also contend that the Debtor's liability had been conclusively established by the Final Judgment, and by virtue of the doctrine of *res judicata*, the issue of the Debtor's liability can no longer be litigated. In addition, Claimants' counsel contends the Debtor's attempt to attack the punitive damage portion of the claim in this case is unsupported by any factual allegation by the Debtor.

Obviously, the threshold question is, and where the inquiry must begin, whether or not the Final Judgment entered by the Georgia Superior Court operates as an absolute bar to relitigate the claim or, in the alternative, based on the doctrine of Full Faith and Credit, this Court must accept the same at face value even though it was entered by default in a lawsuit where the Debtor did not participate, albeit voluntarily.

■ It is a generally accepted proposition that a Bankruptcy Court should give preclusive effect to a judgment entered by a state

court of competent jurisdiction. The Full Faith and Credit Act, 28 U.S.C. § 1738 (1988) provides: "The judicial proceedings of any state shall have full faith and credit in every court in the United States ." This language requires all federal courts to give preclusive effect to state court judgments "whenever the courts of the state from which the judgment emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980), *on remand* 647 F.2d 167 (8th Cir.1981), *appeal after remand* 688 F.2d 581 (8th Cir.1982); *see also University of Tenn. v. Elliott*, 478 U.S. 788, 794, 106 S.Ct. 3220, 3224, 92 L.Ed.2d 635 (1986).

■ This leads to the closely connected issue whether or not under the doctrine of *res judicata* the Final Judgment entered by the Superior Court in Georgia operates as an absolute bar to relitigate the issue of the Debtor's liability for the tortious conduct of Mr. Coatney. The Court of Appeals of Georgia in *CenTrust Mort. Corp. v. Smith & Jenkins, P.C.*, 220 Ga.App. 394, 469 S.E.2d 466 (1996) held that in order for the doctrine of *res judicata* to apply three elements must be present: (1) the identity of the parties; (2) the identity of the cause of action; (3) adjudication by a court of competent jurisdiction. The Court noted that it is not necessary that the litigation be determined on the merits in the morale and abstract sense of the word. *Id.*, 469 S.E.2d at 469. It is sufficient if the status of the action was such that the parties might have had their suits disposed of if they had properly managed their respective case. *Id.*

The Eleventh Circuit Court of Appeals in *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991), *rehearing. den'd*, 931 F.2d 901, *cert. den'd.*, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991), *appeal after remand*, 987 F.2d 716 (11th Cir.1993), *cert. den'd.*, 510 U.S. 918, 114 S.Ct. 311, 126 L.Ed.2d 258 (1993) held that the doctrine of *res judicata* actually has two components: (1) claim preclusion and (2) issue preclusion. "Claim preclusion" bars the litigation of matters that could have been litigated in an earlier suit, but were not. "Issue preclusion" bars the relitigation of matters which were actually litigated and decided in a prior suit. *Id.* at 1501, citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984).

■ This court is not unmindful of the case of *Elbadramany v. Bryson Crane Rental Services Inc.*, 630 So.2d 214 (5th DCA 1993), in which the Court of Appeals of Florida held that the entry of a default judgment does not necessarily bar a defendant from defending itself by setting off or recouping his losses. In support of this proposition, the court in *Elbadramany, Id.* cites *Allie v. Ionata*, 503 So.2d 1237 (Fla.1987). In both cases, the Court held that the defendant was precluded from relitigating the issues involved in the primary claim but was not precluded from defending by alleging a setoff or recoupment of his losses. In addition, *Allie* states that although the defendant may offer evidence of setoff and recoupment, he can be awarded no affirmative relief. *See also, Beekner v. L.P. Kaufman Inc.*, 145 Fla. 152, 198 So. 794 (1940); *Payne v. Nicholson*, 100 Fla. 1459, 131 So. 324, 326 (1930) (one may raise as a defense a claim otherwise barred).

The present case is distinguishable from the *Elbadramany* and *Allie* cases. Here, the defendant seeks affirmative relief by attempting to relitigate issues that have already been decided and not merely offer evidence on the issues of setoff and recoupment as a defense. Thus, the facts in *Allie* and *Elbadramany* are distinguishable and this exception is not applicable in this case.

There is no question in the present instance that the parties before this Court are identical to the parties who were the litigants in the Georgia State Court. It is equally without dispute that the lack of participation by the Debtor has no due process implications since the Debtor was properly served with the summons and complaint and had an opportunity to defend the suit filed against it by the Claimants. It is also clear that the Georgia State Court had jurisdiction over the cause of action. Finally, the claim before this Court presents the same cause of action as the cause of action presented to the Superior Court in Georgia which entered the Final Judgment.

Based on the foregoing, there no question that the liability of the Debtor to the Claimants has been conclusively established. The Debtor is precluded from relitigating the issues raised in the objection, whether or not the tortfeasor, Mr. Coatney, was an employee of the Debtor.

■ This is not the end of the inquiry, however. This Court, while satisfied that the issue of liability can no longer he litigated, still should consider whether the punitive damages component should be allowed in this Chapter 11 case. It can hardly be gainsaid that this Court has the exclusive jurisdiction to pass on the allowability of any claims filed by Claimants. 11 U.S.C. § 503; 28 U.S.C. § 157(b)(2)(B).

■ The allowance of a claim for punitive damages against a Debtor in a Chapter 11 case has been litigated before. Bankruptcy courts almost without exception have held that punitive damage claims are not allowed. The courts reason that to allow punitive damages against the Debtor's estate would punish the entire body of creditors and not the actual wrongdoer who deserves the punishment. *In re A.H. Robins Co., Inc.,* 89 B.R. 555 (E.D.Va.1988); *Matter of GAC Corp.,* 6 B.R. 981 (S.D.Fla.1980) *aff'd* 681 F.2d 1295 (11th Cir.1982).

Based on the foregoing, this Court is satisfied that the Debtor's objection to the allowance of Claim No. 13 should be sustained in part and overruled in part.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Claim No. 5 be, and the same is hereby, disallowed *in toto* in light of the fact it has been superseded by Claim No. 13. It is further

ORDERED, ADJUDGED AND DECREED that Claim No. 13 be, and the same is hereby, allowed as a general unsecured claim in the amount of $100,000.00, plus post-judgment interest in the amount of $5,523.84. The amount of $500,000.00 representing punitive damages is hereby disallowed.