711 So.2d 131 (1998)
Alan SUMMERTON d/b/a Alan Summerton Contracting, Appellant/Cross-Appellee,
v.
Charles MAMELE and Jacqueline L. Mamele, Appellees/Cross-Appellants.
No. 97-660.
District Court of Appeal of Florida, Fifth District.
May 1, 1998.
Rehearing Denied June 3, 1998.
*132 David A. Higley and William E. Barfield of Higley and Barfield, P.A., Altamonte Springs, for Appellant/Cross-Appellee.
George B. Wallace of George B. Wallace, P.A., Sanford, for Appellees/Cross-Appellants.
ANTOON, Judge.
In this home construction contract dispute, Alan Summerton, the contractor, appeals the final judgment entered by the trial court in favor of Charles and Jacqueline Mamele, the homeowners. We must reverse because the trial court erred in failing to award Summerton prejudgment interest, and in assessing attorneys' fees against Summerton.
The Mameles hired Summerton to build a house. In consideration for taking possession of the house before final payment was made to Summerton, the Mameles agreed to vacate the residence and to pay all expenses, including all attorneys' fees, if they failed to make the final payment.
After taking possession of the house, the Mameles refused Summerton's demand for final payment. Summerton thereafter sued the Mameles to foreclose a construction lien and for damages for breach of contract. The Mameles filed a motion to dismiss the construction lien claim, alleging that Summerton had failed to file a final contractor's affidavit as required by section 713.06(3)(d)1, Florida Statutes (1993). The trial court dismissed Summerton's construction lien claim without prejudice. After the dismissal, Summerton amended his complaint, alleging a cause of action for an equitable lien, but that count was later dismissed by the court. Summerton then filed a second amended complaint which did not allege entitlement to a construction lien but asserted a breach of contract claim. The Mameles filed an answer to the second amended complaint, denying liability and asserting a counterclaim alleging fraudulent claim of lien, and slander and disparagement of title. The counterclaim sought compensatory and punitive damages, as well as interest, costs, and attorneys' fees.
At the conclusion of a nonjury trial, the trial court entered a final judgment of $25,682.84 in favor of Summerton on his breach of contract claim. As for the Mameles' counterclaims, the trial court determined that Summerton had filed a fraudulent lien against the Mameles' property and awarded the Mameles $9,000 in punitive damages pursuant to section 713.31, Florida Statutes (1993). The trial court then deducted the $9,000 punitive damage award from the $25,682.84 award and entered final judgment in favor of Summerton in the amount of the difference, $16,682.84. The court reserved jurisdiction to award court costs and attorneys' fees and then later awarded the Mameles $16,746.50 in attorneys' fees and $2,368.50 in court costs. After factoring in the court costs and attorneys' fees, the trial court determined that the total amount that Summerton owed the Mameles exceeded the amount that the Mameles owed Summerton and entered an amended final judgment in favor of the Mameles in the amount of the *133 excess, $2,432.16. The court stated that the amended judgment "supersedes and replaces" the first judgment.

PREJUDGMENT INTEREST
Summerton argues that the trial court erred by not including prejudgment interest in the amount it determined that the Mameles owed him as a result of their breach of the parties' construction contract. Summerton maintains that he was entitled to receive an award of prejudgment interest calculated from the date the construction was completed on the house until the date the final judgment was entered. He is correct.
In Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985), our supreme court held that if a plaintiff establishes that he sustained out-of-pocket loss, prejudgment interest must be awarded from the date of the loss. The trial court has no discretion with regard to awarding prejudgment interest and must do so applying the statutory rate of interest in effect at the time the interest accrues. Id; see also Alvarado v. Rice, 614 So.2d 498, 499 (Fla.1993).
In defense of the trial court's ruling, the Mameles first contend that Summerton was not entitled to recover prejudgment interest since a verdict was not entered in his favor. To support this contention, the Mameles make the technical argument that the first judgment was a nullity because the trial court later ruled that the amended judgment "superseded and replaced" the first judgment. We reject this argument as meritless. It is obvious that the first judgment established the Mameles' liability for their breach of the parties' construction contract as well as Summerton's liability for imposing a fraudulent lien. The amended judgment was entered simply to reflect the calculation of the Mameles' award of attorneys' fees and costs. The first judgment was certainly the equivalent of a verdict liquidating Summerton's damages as of the date the construction was completed.
The Mameles also argue that the trial court properly denied Summerton an award of prejudgment interest since his damages never became liquidated. In this regard, the Mameles contend that they never became obligated to make the final payment under the terms of the parties' construction contract because section 713.06, Florida Statutes (1993), provides that the owner shall retain final payment until the contractor's affidavit is furnished and here Summerton failed to present evidence demonstrating that he had filed a contractor's affidavit.[1] This argument also lacks merit.
We acknowledge that Summerton's failure to file a contractor's affidavit may have operated as a condition precedent to his right to pursue relief under Florida's lien law, Chapter 713 of the Florida Statutes. However, this case was a breach of contract case, not a lien enforcement case. Summerton stated a cause of action for breach of contract and obtained a favorable verdict. See Elbadramany v. Bryson Crane Rental Serv., Inc., 630 So.2d 214, 215 (Fla. 5th DCA 1993). While Summerton may have forfeited his right to enforce a lien by failing to file a contractor's affidavit, he did not forfeit his right to pursue the available remedies for breach of contract, including an award of prejudgment interest. Accordingly, we must reverse the final judgment and remand this matter to the trial court for entry of an award of prejudgment interest.

ATTORNEYS' FEES
The Mameles were awarded $16,764.50 in attorneys' fees. The only legal basis for this award was section 713.29, Florida Statutes (1993), which authorizes an award of attorneys' fees and costs to a prevailing party "[i]n any action brought to enforce a lien...." Summerton argues that we must reduce the fee award because the award compensates the Mameles for time spent by their attorney in this matter after Summerton's lien claim was abandoned. In this regard, Summerton notes that such *134 hours were not expended in "any action brought to enforce a lien ..." and therefore are not compensable under section 713.29, Florida Statutes (1993). We agree and therefore order that the award must be reduced. See Id.

CONCLUSION
In conclusion, we reverse the amended final judgment and remand this matter to the trial court with directions that the court award Summerton prejudgment interest on the amount the Mameles owed him as damages for breach of contract. We also reverse the award of attorneys' fees and direct the trial court to award reasonable fees to the Mameles only for those services related to their defense to Summerton's action to enforce the lien. In all other respects, the final judgment is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Section 713.06(3)(d)1, Florida Statutes (1993), provides that the contractor shall file an affidavit stating that all lienors under his direct contract have been paid, or in the alternative, those lienors which have not been paid and the amount owed to each and the contractor shall have no lien or right of action against the owner while in default for not giving the owner the affidavit.