A90A1449. CORA v. WAGNER et al.

(397 SE2d 46)

Deen, Presiding Judge.

Appellant Hector R. Cora engaged the services of appellee Wagner et al. ("Wagner") for landscaping work on his yard. The original contract price was $5,200; with certain agreed-upon changes, the final contract price was $5,340. Cora paid $3,340 of the total amount but declined to pay the balance, alleging that the work had been done in an unprofessional and unsatisfactory manner. Appellees allegedly offered to make needed corrections if appellant would make a list; the list was allegedly never provided. Appellant alleged that he had to hire someone else to correct the defects and deficiencies in Wagner's work — most notably, that the sprinkler system had been connected to the wrong side of the pressure valve.

After making demand upon appellant for payment, appellees brought an action in the State Court of Gwinnett County, seeking the balance due with interest, plus costs and attorney fees pursuant to OCGA § 13-6-11. Cora counterclaimed for alleged additional expenses plus costs of litigation, including attorney fees. The jury awarded appellees $2,000 representing the balance due, plus $2,500 in attorney fees. Cora then moved for partial judgment notwithstanding the verdict, seeking deletion of attorney fees, or in the alternative for new trial on the general grounds. After denial of both motions Cora made timely filings in this court for both a discretionary and a direct appeal. The application for discretionary appeal was dismissed April 10, 1990, on the ground that the total judgment of $4,500 exceeded the jurisdictional maximum for a discretionary appeal. On the direct appeal sub judice Cora enumerates as error (1) the propriety of awarding attorney fees in a dispute arising ex contractu; (2) the submission of the issue of attorney fees to the jury, allegedly with no evidence to support the award of such fees; and (3) the denial of the motion for partial j.n.o.v. or in the alternative for new trial. *Held*:

1. In a dispute arising out of a contract, attorney fees are generally not awarded to the prevailing party where there is a bona fide controversy and where litigation costs have not been specially pleaded. In the instant case, according to the record, attorney fees were specially pleaded. *Doughty v. Simpson*, 190 Ga. App. 718 (380

SE2d 57) (1989). Further, there was evidence that the only issues genuinely in controversy had been conceded by appellant. The record establishes that appellant had agreed to pay the balance due on the contract by leaving in a designated location a check drawn for the amount of the balance due; but that, by his own admission, he had failed to do so. There is also evidence that, again according to appellant's own admission, he failed to provide appellees, as he had agreed to do, with a list of alleged defects and deficiencies so that appellees might correct them. Appellant having thus conceded the two substantive points in the case — namely, that he owed the balance on the contract and that he frustrated appellees' attempt to fulfill the contract by remedying any alleged defects or deficiencies in the work — he is estopped to contend that there remained any genuine controversy. Such evidence as that cited, supra, would have authorized the jury to find stubborn litigiousness on appellant's part. The factfinders may allow attorney fees if they find present in a case any one of three factors: bad faith, stubborn litigiousness, or causing the prevailing party unnecessary trouble and expense. OCGA § 13-6-11; *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 460 (278 SE2d 33) (1981); *Harrison v. Ivie*, 143 Ga. App. 856 (240 SE2d 224) (1977). This enumeration has no merit.

2. The evidence of stubborn litigiousness cited in Division 1, supra, together with the testimony of counsel for each party regarding his charges and expenses, was sufficient to authorize submission of the attorney fees issue to the jury. Moreover, the record shows that both parties requested jury charges on attorney fees with respect to bad faith and stubborn litigiousness; according to the trial transcript the trial court gave the relevant charge in almost the exact language requested by appellant and, further, there was a negative response when the court inquired if there were objections to the jury charge. An alleged error raised for the first time on appeal will not be considered by this court. *Ewald v. Security Pacific Credit Corp.*, 190 Ga. App. 615 (379 SE2d 569) (1989).

3. Review of the record reveals that appellant failed to move for directed verdict at trial and also failed, on motion, to make a prima facie case for the contentions on which he based his motion for judgment n.o.v. or, in the alternative, for new trial. See OCGA §§ 9-11-50 (a), (b); 9-11-60 (c). We find no merit in this enumeration.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Jack Menendez*, for appellant.

*Grover C. Bailey*, for appellees.