A95A2590. ELLIS et al. v. GALLOF et al.
(469 SE2d 288)

BEASLEY, Chief Judge.

The Gallofs filed a complaint against their neighbors the Ellises, seeking abatement of a nuisance; damages for maintenance of the nuisance, trespass, and breach of restrictive covenants; and attorney fees and litigation expenses under OCGA § 13-6-11.

The Gallofs claimed that the Ellises modified the grade and topography of their property by construction of a swimming pool in

their backyard, thereby causing surface water that once flowed from the Gallofs' property onto and across the Ellises' property to collect in the Gallofs' yard.

In a counterclaim, the Ellises claimed that the Gallofs constructed an addition to their house in violation of restrictive covenants and local ordinances, thereby altering the natural flow of water from their land and causing water to concentrate, and silt and other matter to flow, on the Ellises' land. The Ellises sought damages against the Gallofs for trespass and nuisance, as well as litigation costs and expenses.

On the Gallofs' complaint, the jury awarded $1,451 for nuisance, trespass, and breach of restrictive covenants, plus $13,500 in attorney fees and litigation expenses. On the Ellises' counterclaim, the jury awarded $1,500 for trespass and nuisance but no litigation costs and expenses. The final judgment gives the Gallofs a net recovery of $13,451. The court also granted their request for nuisance abatement, requiring the Ellises to pay for certain corrective work in an amount not to exceed $2,000 and ordering the Gallofs to pay any additional amounts. At a hearing, the court stated it understood the work would cost approximately $4,000.

1. The Ellises contend that the court erred in awarding the Gallofs attorney fees under OCGA § 13-6-11 which, if excluded, results in an award of $49 more to the Ellises on their counterclaim than to the Gallofs on their complaint. Therefore, the Ellises assert, the Gallofs were not the prevailing parties.

Although OCGA § 13-6-11, by its terms, is not limited to prevailing parties, "the correct principle is that plaintiffs must prevail on their basic cause of action in order to obtain litigation expenses [under OCGA § 13-6-11]. . . ." *Barnett v. Morrow*, 196 Ga. App. 201, 203 (396 SE2d 11) (1990). Accord *Cora v. Wagner*, 196 Ga. App. 774, 775 (1) (397 SE2d 46) (1990).

The Gallofs also contend that, even though the jury did award more damages to the Ellises than to them on the parties' underlying claims, they prevailed nonetheless since they were also granted affirmative equitable relief. That is true, but the equitable relief consisted of an order that corrective work be done, and the Gallofs were required to pay for a portion of it. From the record, it cannot be determined whether the Gallofs will be required to pay more than, less than, or the same amount as the Ellises. Consequently, the Gallofs were not established as the prevailing parties. Compare *Adams v. Cowart*, 224 Ga. 210, 214 (6) (160 SE2d 805) (1968). The award of attorney fees must be reversed.

2. The remaining enumeration, which attacks the award of attorney fees on other grounds, is moot.

*Judgment reversed. Pope, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 8, 1996 —
RECONSIDERATION DENIED MARCH 8, 1996 —

*Mottern & Van Gelderen, Leon A. Van Gelderen*, for appellants.
*Holt, Ney, Zatcoff & Wasserman, Jay F. Castle*, for appellees.