A97A0965. WILLIAMS v. BINION.
(490 SE2d 217)

BIRDSONG, Presiding Judge.

After the grant of a discretionary appeal under OCGA § 5-6-35 (a) (10), Jerie Williams challenges the trial court's grant of attorney fees to Marie W. Binion, who prevailed in her underlying action against Williams on her claims for dissolution of a partnership and payment of partnership assets. After the jury returned a general verdict for $17,108 in her favor, Binion moved for an award of attorney fees and expenses of litigation.

Binion's motion described various demands, offers, counteroffers, and rejections that occurred while the parties were trying to settle the case and then asserted that Binion should be awarded attorney fees and expenses of litigation because Williams was "unreasonably litigious and put [Binion] through unnecessary time and expense of litigation." Williams' response to the motion pointed out the motion asserted a claim under OCGA § 13-6-11 even though Binion's complaint did not allege an OCGA § 13-6-11 claim, and that, in any event, awards under this Code section must be made by the jury; but the trial court, without stating the basis, awarded Binion $5,000 for attorney fees and $650.85 for expenses of litigation.

On appeal Williams contends the award of attorney fees was not authorized. *Held*:

1. Under the American Rule generally applicable in our legal system parties are responsible for their own attorney fees and expenses of litigation (*Vogtle v. Coleman,* 259 Ga. 115 (376 SE2d 861)), but legislation has provided some exceptions to this rule. In this state, the major exceptions to the American Rule arise in cases when a party has asserted unwarranted claims, engaged in improper defensive tactics, acted in bad faith, been stubbornly litigious, or has caused unnecessary trouble and expense. In these circumstances, the General Assembly has enacted legislation that allows the awards of attorney fees and expenses of litigation to the aggrieved party under OCGA §§ 51-7-81 and 9-15-14. Additionally, in OCGA § 13-6-11 the

legislature has established the criteria in which a plaintiff may recover the expenses of litigation as an additional element of damages. *Brown v. Baker*, 197 Ga. App. 466, 467 (398 SE2d 797) (physical precedent).

Nevertheless, these Code sections cannot be used interchangeably. In addition to having different grounds for an award, the procedures for seeking such awards differ. Awards under OCGA § 9-15-14 are made on motion and are decided by the trial court. Awards under OCGA § 13-6-11, however, must be specifically pled and prayed for in the complaint, are authorized only for plaintiffs, and are decided by the trier of fact upon proof presented at trial. Claims under OCGA § 51-7-81 must be brought in a separate action after termination of the action in which the abusive litigation was claimed, but only if proper notice is given under OCGA § 51-7-84 and the offending party has not abandoned the offending claim or tactic. OCGA § 51-7-82.

2. An award under OCGA § 51-7-81 is not authorized in this case, however, and Binion has not asserted such a claim. Further, although a § 9-15-14 claim may be made by motion and awarded by the trial court, such an award is not warranted in this case. Under OCGA § 9-15-14, attorney fees and expenses of litigation must be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of fact or law that it could not be reasonably believed that the claim, defense, or other position would be accepted by a court (OCGA § 9-15-14 (a)), or where the court finds that a party or an attorney brought or defended an action that was substantially frivolous, substantially groundless, or substantially vexatious, that was raised to delay or harass, or expanded the proceedings by improper conduct. OCGA § 9-15-14 (b). As Binion neither asserted facts giving rise to a claim under OCGA § 9-15-14 in her motion nor supported her motion with evidence establishing such a claim, no award under OCGA § 9-15-14 was authorized. Additionally, the trial court's order did not contain language showing that it had on its own motion converted Binion's motion to one under OCGA § 9-15-14. Therefore, this award cannot be sustained as one under OCGA § 9-15-14, and we do not deem it proper to remand this case for further findings under *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31).

3. This award also cannot stand as an award under OCGA § 13-6-11. Awards under this Code section must be prayed for in the complaint and must be awarded by the factfinder. Id.; *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 735 (9) (389 SE2d 251). As the award was not sought in the complaint and was not awarded by the jury, we need not consider whether the award would otherwise have been proper under OCGA § 13-6-11.

Therefore, as no award of attorney fees and expenses of litigation was authorized, the judgment of the trial court awarding attorney fees and expenses of litigation must be reversed.

*Judgment reversed. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 5, 1997.

*Johnny B. Mostiler*, for appellant.
*Diane M. Zimmerman, Charles P. Taylor*, for appellee.