## A00A0503. DEPARTMENT OF TRANSPORTATION v. GEORGIA TELEVISION COMPANY.
### (536 SE2d 773)

JOHNSON, Chief Judge.

Although the only issue involved in this appeal is whether the trial court properly awarded attorney fees to Georgia Television Company, this condemnation case has a long procedural history and has been before our appellate courts in numerous forms since 1985. In deciding the fee issue, it is helpful to discuss the case's history.

The case began in 1984 when the Department of Transportation ("DOT") filed a petition to acquire by condemnation title to land owned by Georgia Television Company d/b/a WSB-TV ("WSB"). The DOT intended to use the land as part of a four-lane highway known as the Presidential Parkway. The DOT wanted to run a segment of the highway between the base of WSB's transmission tower and one of the tower's support wire anchors, beneath a set of tower support wires. After the DOT's petition was granted, WSB moved to set aside the taking, citing, inter alia, potential safety risks to people traveling underneath the support wires. WSB claimed that ice might accumulate on the support wires suspended over the roadway and could fall upon travelers below and that the DOT's plan to locate the highway beneath the wires was an "ill-advised experiment which ignores the facts, the experience of the broadcasting industry, the best interests of the public, and the legitimate business concerns of [WSB]."

The trial court found that no grounds for setting aside the declaration of taking had been shown.[1] This Court affirmed the decision of the trial court.[2] The Supreme Court reversed, holding that the taking

---

[1] See OCGA § 32-3-11.

[2] *Cox Communications v. Dept. of Transp.,* 178 Ga. App. 499 (343 SE2d 765) (1986).

would create a grave risk to the safety of the public and that the transfer of WSB's property to the DOT "must be set aside unless or until the Department has become bound to implement a plan of construction that will provide adequate protection against falling ice."[3] On remand, the trial court failed to hold a requested hearing regarding how it would receive the construction plan. WSB then filed a renewed petition seeking to set aside the taking, to enjoin the DOT from entering and taking possession of the property, and to be awarded attorney fees. The DOT filed a plan of construction with the trial court. After a hearing, the trial court denied the renewed petition and ordered the DOT to present "a complete, implementable plan of construction" that would protect the public from falling ice. WSB filed a notice of appeal from that order, and the DOT filed a construction plan purporting to comply with the trial court's order. The Supreme Court remanded the case to the trial court for a hearing on the adequacy of the plan.[4] After the DOT's plan was found to comply with the Supreme Court's order requiring that certain risks to the traveling public be eliminated, the road was built.

In October 1996, while the just and adequate compensation portion of the case was still pending, WSB moved for an award of attorney fees for the nonvalue portion of the case. In the motion, WSB stated that the DOT had filed a defective declaration of taking "which resulted in years of litigation before DOT's right to take Condemnee's property was judicially established." On July 10, 1997, the court entered an order awarding WSB attorney fees for the nonvalue portion of the case. The DOT appeals from the order awarding fees to WSB.

1. The DOT contends that the trial court erred in awarding fees under OCGA § 13-6-11 where WSB did not plead for such fees in its petition. We agree.

OCGA § 13-6-11 provides that litigation expenses generally are not allowed as a part of damages; *but where the plaintiff has specially pleaded and made prayer for expenses* and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, they may be allowed.

Awards under OCGA § 13-6-11 must be specifically pleaded and prayed for in the complaint.[5] A general prayer for "such further relief as the Court deems just and proper" is not sufficient to state a claim for attorney fees.[6]

[3] *Cox Communications v. Dept. of Transp.*, 256 Ga. 455, 456-457 (3), (4) (349 SE2d 450) (1986).

[4] *Cox Broadcasting Corp. v. Dept. of Transp.*, 258 Ga. 812, 813 (376 SE2d 687) (1989).

[5] *Williams v. Binion*, 227 Ga. App. 893, 894 (1) (490 SE2d 217) (1997).

[6] *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 275 (7) (329 SE2d 900) (1985).

When WSB filed its petition to set aside the taking in 1985, it did not request attorney fees, either generally or under the statute. WSB first requested fees pursuant to OCGA § 13-6-11 in October 1996, in its motion for a fee award. This was nine years after it had filed its petition and about five years after it had lost its challenge to the taking. WSB thus did not comply with the special pleading requirement of the statute.

We are not persuaded by WSB's argument that it met the pleading requirement by including a general request for attorney fees in its answer to DOT's initial petition or in its renewed complaint. A general request for attorney fees, without reference to OCGA § 13-6-11 or the criteria set forth therein, is not the specific pleading contemplated by the statute. The statute requires that the party specifically plead and pray for fees thereunder. Moreover, the request for fees is not in WSB's complaint or an amendment thereto.[7]

Similarly, the fact that the pretrial order entered in January 1997 states that a motion for fees under OCGA § 13-6-11 is pending does not require a different result. The purpose of a pretrial order is to define the issues for trial.[8] While a pretrial order may supersede the pleadings,[9] that fact does not help WSB in this case. The parties here agreed in the order that the sole issue in the upcoming trial was that of just and adequate compensation. But the attorney fee request was for the *nonvalue* segment of the case. The 1997 pretrial order states that the fee issue would not be tried by the jury and that the court would resolve the fee issue after the jury trial. Inasmuch as the pretrial order does not include the claim for OCGA § 13-6-11 fees as one of the issues to be resolved at trial, that order cannot serve as a substitute for raising the issue in the petition.

The requirement that a request for fees under OCGA § 13-6-11 be made in the complaint is consistent with OCGA § 32-3-11 (c). That statute provides, in pertinent part, that if the condemnee desires to raise questions such as those outlined in subsection (b) (i.e., questions of bad faith, improper use of condemnation powers, abuse or misuse of condemnation powers, or such other questions as may properly be raised), it must do so by proper pleadings, in the form of a petition, within 30 days of being served with the declaration of taking. The question of entitlement to fees under OCGA § 13-6-11 should have been raised in the petition filed within 30 days after service of the declaration, or in an amendment thereto, not in a motion for fees filed some nine years later.

Our holding here is consistent with the general rule that, in our

---

[7] Compare *Stone v. King*, 196 Ga. App. 251, 252 (3) (396 SE2d 45) (1990).

[8] *State v. Croom*, 168 Ga. App. 145, 146 (1) (308 SE2d 427) (1983).

[9] *Jacobsen v. Muller*, 181 Ga. App. 382, 384 (3) (352 SE2d 604) (1986).

legal system, parties are responsible for their own attorney fees and that an award of fees is an exception to this rule.[10] WSB's recovery of attorney fees under OCGA § 13-6-11 is precluded by its failure to specifically plead and pray for them in the petition.[11]

2. Even assuming the request was properly pleaded, we agree with the DOT that no fees should have been awarded for another reason. A party cannot receive attorney fees under OCGA § 13-6-11 unless it prevails on its basic cause of action.[12]

Here, WSB's petition was filed to set aside, vacate or annul the declaration of taking and to annul any title acquired by the declaration. After years of litigation, the declaration of taking was not set aside, vacated or annulled, nor was the title annulled. Rather, the case was resolved in favor of the DOT's taking. Indeed, WSB acknowledged in its motion for fees that the "DOT's right to take Condemnee's property was judicially established" after years of litigation. That the actual taking was delayed while the case was pending does not make WSB the prevailing party. WSB did not obtain the relief sought, and so it is not entitled to attorney fees.[13]

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 30, 2000 

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Weiner, Yancey, Dempsey & Diggs, Beryl H. Weiner, Thomas C. Dempsey, Robert W. Diggs, Swift, Currie, McGhee & Hiers, Jennifer A. Riddick*, for appellant.

*Troutman Sanders, Donald W. Janney, James K. Quillian*, for appellee.

---

[10] See *Williams*, supra at 893 (1).
[11] See *Jamison v. West*, 191 Ga. App. 431, 433 (4) (382 SE2d 170) (1989); *Carroll v. Johnson*, 144 Ga. App. 750, 753 (4) (242 SE2d 296) (1978).
[12] *Ellis v. Gallof*, 220 Ga. App. 518, 519 (1) (469 SE2d 288) (1996); *Barnett v. Morrow*, 196 Ga. App. 201, 203 (396 SE2d 11) (1990).
[13] See id.