A01A2291. DANIELS et al. v. PRICE COMMUNICATIONS WIRELESS, INC.
(562 SE2d 844)

BLACKBURN, Chief Judge.

In this case regarding improper charges for 911 emergency services levied by a cellular phone company, Larry Daniels appeals the order of the trial court denying his claims and motion for class certification as moot and denying his claim under OCGA § 13-6-11 for attorney fees. For the reasons set forth below, we dismiss Daniels'

---

claims regarding improper 911 charges as moot, and we affirm the trial court's rulings.

The record shows that on July 7, 2000, Daniels filed a class action complaint against Price Communications Wireless, Inc. in the State Court of Chatham County alleging, among other things, that he is a resident of Savannah, that Price sells digital communication services to residents of that city, and that it "is charging its customers for a [911 emergency telephone] service that has not been approved by the City Council of . . . Savannah." The complaint prayed for, among other things, a judgment for amounts incorrectly charged by Price, certification of a class consisting of Daniels and individuals similarly situated, and attorney fees.

On October 13, 2000, Price filed a motion for summary judgment, stating that "Plaintiff's claim for reimbursement of 911 emergency access fee charges is moot because Price has refunded its customers in . . . Savannah the amounts paid by them for [such charges] plus interest thereon." Price did not contend that its collection of the charges in question was correct. To the contrary, its executive vice president noted that its "procedure in charging [this] fee to the residents of Savannah was the result of a billing system . . . based on zip codes," and stated that "[b]eginning with the October 2000 invoices, Price will cease charging those customers who live in . . . Savannah the . . . fee."

Finally, on February 23, 2001, the trial court entered the order appealed from in which it wrote: "As of November 6, 2000, all of the potential class members had been sent refund checks [and] [a]s of November 1, 2000, Price no longer charges its customers who are residents of . . . Savannah an E911 fee. Accordingly, the Court finds that all potential class members' claims are moot."

1. Daniels' claims for reimbursement, both on his own behalf and that of the proposed class, were appropriately dismissed as moot. "[T]he record shows that appellants have obtained the relief they sought in the superior court." *Pimper v. State of Ga.*[1] Daniels and all other class members have obtained the relief they sought in the trial court, namely reimbursement of all 911 charges.

In arguing that the trial court's finding of mootness was erroneous, Daniels argues that, even in the absence of a compensable injury, his class action must nonetheless be considered as a controversy capable of repetition yet evading review. In *United Food &c. Workers Union v. Amberjack, Ltd.*,[2] not a class action case, our Supreme Court, although finding that the issue appealed was moot,

---

[1] *Pimper v. State of Ga.*, 274 Ga. 624, 626 (555 SE2d 459) (2001).

[2] *United Food &c. Workers Union v. Amberjack, Ltd.*, 253 Ga. 438 (321 SE2d 736) (1984).

"proceed[ed] to decide [it] recognizing that it is capable of repetition yet evades review." *United Food,* supra at 438. There the issue was whether the trial court had correctly refused to dissolve a temporary restraining order even though the pertinent procedural requirements for the issuance of the order had not been complied with, and it was moot because the trial court had proceeded to grant a superseding interlocutory injunction. In *In the Interest of I. B.*[3] (physical precedent), we criticized viewing the "capable-of-repetition-yet-evading-review" rule as an "exception" to mootness; and in *Collins v. Lombard Corp.,*[4] our Supreme Court held that the "sound analytical approach to the doctrine of mootness" enunciated in *I. B.* was "correct" and stated that "the notion of [a public policy] exception to the mootness doctrine which would permit a court to consider a case notwithstanding that the case is moot is inconsistent with the concept of mootness as a jurisdictional matter." But see *Hopkins v. Hamby Corp.*[5] ("[w]e have adopted a narrow exception to the doctrine of mootness when the issue is capable of repetition and yet evades review").

Unlike the Court in *United Food,* however, we are not being asked to decide the underlying issue — here the correctness of collection of the fee from residents of Savannah — because, as indicated above, no one is contending that such collection was correct. Daniels suggests, by implication, the possibility that Price — or some other seller of digital communication services — might at sometime resume — or begin — charging an unauthorized 911 fee. But this record discloses no reason to anticipate a resumption of the charge by Price — or the commencement of it by another — and, as we stated in *I. B.,* supra, "[a]s to what appellant fears may arise at a future date, we have no authority to render an advisory opinion." *In the Interest of I. B.,* supra at 276. Moreover, should resumption by Price occur, Daniels would have ample remedy. And, while it is theoretically possible that some other provider could unknowingly repeat what has occurred here, it likewise could not resume the charge without consequences. Accordingly, while the action of erroneously charging a 911 fee is "capable of repetition," it would not "evade review." Despite Daniels' allegations of wilful misconduct and the like, no reason appears from the record to believe that Price's billing Savannah residents for the charge was anything other than an unintentional error.

Accordingly, we affirm the trial court's dismissal of these claims.

2. Daniels' claim for attorney fees under OCGA § 13-6-11 fails

---

[3] *In the Interest of I. B.,* 219 Ga. App. 268 (464 SE2d 865) (1995).
[4] *Collins v. Lombard Corp.,* 270 Ga. 120, 121-122 (1), (3) (508 SE2d 653) (1998), cert. denied, 526 U. S. 1039 (119 SC 1335, 143 LE2d 500) (1999).
[5] *Hopkins v. Hamby Corp.,* 273 Ga. 19 (538 SE2d 37) (2000).

because, although his prayer included a paragraph reading "[a]ttorney fees and costs of litigation," he did not "specially plead[ ]" for them as required by that statute. See *Rowell v. Rowell*,[6] holding an award of attorney fees "clearly erroneous" where "the defendant in error *does not allege that the plaintiff in error was stubbornly litigious* and does not pray for the award of attorney's fees." (Emphasis supplied.) Id. at 585 (3); *Dept. of Transp. v. Ga. Television Co.*[7] "A general request for attorney fees, *without reference to OCGA § 13-6-11 or the criteria set forth therein*, is not the specific pleading contemplated by the statute." (Emphasis supplied.) Id. at 752. It is true that the trial court's denial of attorney fees was based on other grounds, but "if the trial court is right for any reason, then it must be affirmed." *Erfani v. Bishop*.[8] Thus, we affirm the trial court's denial of attorney fees.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 28, 2002.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, C. Dorian Britt*, for appellants.

*Holland & Knight, Elizabeth C. Helm, Thomas B. Branch III, Sara L. Doyle, Brennan & Wasden, Wiley A. Wasden III, James V. Painter*, for appellee.

---

[6] *Rowell v. Rowell*, 212 Ga. 584 (94 SE2d 425) (1956).
[7] *Dept. of Transp. v. Ga. Television Co.*, 244 Ga. App. 750 (1) (536 SE2d 773) (2000).
[8] *Erfani v. Bishop*, 251 Ga. App. 20, 22 (1) (b) (553 SE2d 326) (2001).