## A03A0222. McCONDICHIE v. GROOVER.

(584 SE2d 57)

ADAMS, Judge.

Hayne D. McCondichie learned that Jerrell Groover, an acquaintance who worked for Krispy Kreme Doughnuts, Inc., could buy shares of stock in the company during the initial public offering at a discounted employee price. McCondichie gave $20,000 to Groover to take advantage of this situation, but ultimately Groover was not able to purchase shares with McCondichie's money. McCondichie brought suit against Groover seeking the profits that he would have received if the deal had gone through. The trial court granted summary judgment to Groover, and McCondichie appeals.

Construed in favor of McCondichie, the evidence shows that in early 2000, Groover, who was the husband of one of McCondichie's employees, told him that during Krispy Kreme's initial public offering in April, due to his status as an employee, he could get some of the stock for McCondichie at an attractive price and that he would purchase it for McCondichie if McCondichie furnished the money for him to do so. McCondichie averred, "Because his wife had been an employee of mine for two or three years, I trusted Groover to do what he promised." He agreed to give $20,000 to Groover so that Groover could buy the stock for him "as soon as it became available." Groover placed McCondichie's money in an account that he also used for personal business, including for matters related to gambling in Biloxi,

Mississippi. McCondichie knew that in order for the transaction to proceed, Groover would have to purchase the stock in his own name.

Around the middle of April, Groover told McCondichie that he had only been able to buy $14,700 worth of the stock and that he would not be able to transfer the stock to McCondichie for several months. He returned the balance of $5,300 to McCondichie in May. In May, McCondichie received what appeared to be a memorandum from Groover that stated that Groover owed McCondichie 700 shares of Krispy Kreme stock. Groover denies that he wrote or signed the memorandum, although he admitted that his wife may have written it. Groover never transferred any shares to McCondichie, and he now asserts that he never purchased any shares with McCondichie's money, although he did purchase some shares for himself.

On April 5, 2000, Groover purchased 200 shares at $21 per share for a total of $4,200. On April 10, he sold the 200 shares at $43.51 a share. On July 27, 2000, Groover purchased 200 shares at $66.3437 per share for a total of $13,354.25 after commission, but he sold those shares the next day at almost the same price at a slight loss. Groover insists that he never used any of McCondichie's money. And, indeed, Groover was able to produce an account statement showing a balance of $15,701.06 as of December 29, 2001.

McCondichie filed suit in January 2001 and claimed that his investment would be worth more than his original investment if Groover had done what he agreed to do. Groover admits that he owes McCondichie the balance of the original $20,000 plus interest. But Groover has only been willing to pay what he admits he owes in exchange for settlement of the lawsuit, to which McCondichie has refused.

McCondichie brought four claims: breach of contract, breach of fiduciary duty, fraud in the inducement, and unjust enrichment. The trial court held that (1) any alleged contract was void as against public policy because it would violate Georgia Securities law; (2) without an agreement between the parties or some other fiduciary relationship, there could be no breach of fiduciary duty; (3) without an enforceable contract there can be no fraud in the inducement; and (4) there was no evidence to show that Groover used McCondichie's money to buy stock but retain the proceeds for himself, and therefore no claim of unjust enrichment.

1. McCondichie contends the court erred by finding that the contract was void. OCGA § 13-8-1 provides that "[a] contract to do an immoral or illegal thing is void." McCondichie admits that he knew that Groover was going to buy stock in his own name with McCondichie's money in order to obtain the employee price, to which he was not entitled.

Section 12 (a) of the Georgia Securities Act, OCGA § 10-5-12 (a) states that:

> (a) It shall be unlawful for any person: . . . (2) In connection with an offer to sell, sale, offer to purchase, or purchase of any security, directly or indirectly: (A) To employ a device, scheme, or artifice to defraud; (B) To make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or (C) To engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon a person. . . .

It is obvious to this Court that McCondichie and Groover were engaged in unlawful conduct. The trial court did not err in finding that the purported contract was void.

2. Because there is no contract between the parties and no evidence to otherwise demonstrate the existence of a fiduciary relationship, the trial court correctly granted summary judgment on McCondichie's claim of breach of fiduciary duty. See *Burns v. Dees*, 252 Ga. App. 598, 607 (1) (c) (557 SE2d 32) (2001).

3. With regard to the claim of fraudulent inducement, an action for fraud "cannot be predicated on a promise which is unenforceable at the time it is made." (Citations, punctuation and footnote omitted.) *Burns*, 252 Ga. App. at 606 (1) (b).

4. "The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated. See OCGA § 9-2-7." (Citations omitted.) *Cochran v. Ogletree*, 244 Ga. App. 537, 538-539 (1) (536 SE2d 194) (2000). Although McCondichie is not entitled to the benefit of his bargain, he is not barred from recovering the money deposited under the invalid agreement. Id.; see also OCGA § 13-1-13.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 19, 2003.

*Oliver & Winkle, G. Robert Oliver, Anne Zavala-Moushey*, for appellant.

*Smith, Welch & Brittain, William A. White*, for appellee.