## A04A1034. In re ESTATE OF ADRIANCE.
### (603 SE2d 521)

Phipps, Judge.

Pro se, Dolores Gaess appeals a superior court order concerning the administration of the estate of her mother, Phoebe Adriance. Gaess contends that the superior court failed to grant her the full relief to which she was entitled. We find otherwise and affirm.

On January 3, 1999, Adriance died intestate at the Glynn County residence of Betty McLoughlin, one of her two daughters. Later that month, the Probate Court of Glynn County granted McLoughlin letters of temporary administration upon Adriance's estate. Thereafter, McLoughlin sought to be appointed permanent administrator.

Gaess filed a motion alleging that the probate court lacked jurisdiction to appoint any administrator. She objected to the probate court's appointment of McLoughlin as permanent administrator, and she sought revocation of the temporary letters and "such other and further relief as is mete and just."

Pursuant to OCGA § 15-9-31,

> The judge of the probate court can grant administration only on the estate of a person who was: (1) A resident at the time of his death of the county where the application is made; or (2) A nonresident of the state, with property in the county where the application is made or with a bona fide cause of action against some person therein.

In a May 17, 2000 order, the probate court determined that it was authorized to appoint administrators for the estate because "Adriance was a resident of Glynn County . . . [at] the time of her death." But finding that McLoughlin had a potential conflict of interest with the estate, the court dismissed her as temporary administrator and appointed someone else to serve as permanent administrator.

Gaess appealed to the Superior Court of Glynn County. After a bench trial, the superior court determined that Adriance was not a resident of Glynn County when she died and owned no property there at that time. Citing OCGA § 15-9-31, the superior court ruled, "The Order of the Probate Court of Glynn County dated May 17, 2000, is hereby dismissed for lack of jurisdiction." Gaess appeals to this court.

1. Gaess contends that the superior court's ruling was "too narrow" and that the court should have "ruled on the case in [her] favor rather than dismissing it."

The superior court's determination that the probate judge had no authority to appoint administrators for the estate under OCGA § 15-9-31 is not contested before this court. It follows from that

determination that the judge of the Probate Court of Glynn County was without authority to grant letters of temporary or permanent administration on Adriance's estate. Effectively, the superior court's determination rendered void the probate judge's appointment of McLoughlin as temporary administrator. Furthermore, McLoughlin acknowledges in her appellate brief that the order "dismissed the probate action in Glynn County." We conclude that Gaess obtained the relief to which she was entitled.

2. Gaess requests this court to order an investigation to determine who was responsible for opening the estate in Georgia and who was responsible for placing in the probate court's file a document that contained "vicious statements" about her. But because this court is not the appropriate entity either to grant or to deny such a request, we do not consider it.

3. Gaess claims that the superior court should have awarded her various expenses of litigation. OCGA § 13-6-11 establishes the circumstances under which a party may recover such litigation expenses.[1] That Code section provides that litigation expenses generally shall not be allowed; but "where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense," litigation expenses may be allowed.[2]

When Gaess filed her motion in the probate court, she did not specially plead and pray for litigation expenses. And her general prayer for "such other and further relief as is mete and just" is not sufficient to state a claim of litigation expenses.[3] This claim is without merit.

4. Gaess's contention that the trial court erred by permitting McLoughlin to interrupt her testimony repeatedly is moot.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 16, 2004.

Dolores Gaess, *pro se.*
Betty McLoughlin, *pro se.*
Brannen, Searcy & Smith, Ashlee H. Vaught, for appellee.

---

[1] *Waters v. Glynn County*, 237 Ga. App. 438, 440 (3) (514 SE2d 680) (1999).

[2] See *Lexmark Carpet Mills v. Color Concepts*, 261 Ga. App. 622, 626 (2) (583 SE2d 458) (2003).

[3] See *Dept. of Transp. v. Ga. Television Co.*, 244 Ga. App. 750, 751 (1) (536 SE2d 773) (2000).