A05A0074. LINES et al. v. CITY OF BAINBRIDGE.
(615 SE2d 235)

MILLER, Judge.

Earl Lines, Warren Schoenfisch, and Johnny Williams sued the City of Bainbridge for alleged lost profits, attorney fees, and other costs and expenses connected with a tax sale that the city declared

void. The trial court granted the city's motion for summary judgment on the plaintiffs' claims for lost profits and attorney fees, prompting this appeal.[1] We discern no error and affirm.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that appellants attended a public tax sale in Bainbridge on April 2, 2002. Collectively, appellants were the successful bidders on 36 properties. That same day, Lines wrote a check to Bainbridge on behalf of all three appellants for the total amount of the properties for which each appellant was the successful bidder.

Less than a week later, appellants returned to Bainbridge to check on the county taxes owed on the properties that they had purchased. Bainbridge informed appellants at that time that the tax sale had been voided due to the city's failure to give proper notice to the lienholders before the tax sale took place. See OCGA §§ 48-4-1 (a); 48-4-77; 48-4-78 (d). It is undisputed that the city returned to appellants all of the money that they paid for the 36 properties.

Appellants then sued Bainbridge for alleged lost profits stemming from the returns that they expected to see from the properties that they had attempted to purchase. Appellants also included a claim for attorney fees in their complaint, contending that they were entitled to such fees for having "been required to retain the services of an attorney to seek reimbursement of the damages suffered." However, there is no mention of OCGA § 13-6-11 or any other legal theory in the complaint as a basis for recovering fees.

1. Appellants contend that the trial court erred in granting summary judgment to Bainbridge on their claim for lost profits. We disagree.

Appellants' insistence that this case involves alleged lost profits is misplaced. It is undisputed that the Bainbridge tax sale was void

---

[1] Bainbridge moved for partial summary judgment, as it challenged all of the plaintiffs' claims except Lines and Schoenfisch's claims for costs allegedly incurred in preparing their bids for the tax sale. Williams did not include such a claim in his lawsuit. The trial court therefore granted summary judgment to Bainbridge on all of Williams's claims, but only as to the challenged claims of Lines and Schoenfisch. Since Williams did not include a claim for incurred costs in his ante litem notice to Bainbridge, the trial court properly granted summary judgment on this claim. See OCGA § 36-33-5 (b) ("No action shall be entertained by the courts against [a] municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment."). Whether or not Bainbridge may be entitled to summary judgment on Lines and Schoenfisch's remaining claims is not an issue that is currently before us.

due to the city's failure to give proper notice to the lienholders. See OCGA §§ 48-4-1 (a); 48-4-77; 48-4-78 (d). It is also undisputed that the appellants were refunded all of the money that they paid for the properties at the void tax sale. There was never any "sale" from which appellants could expect any profits. There can be no "lost profits" from a sale that was void from the beginning. See generally *McCondichie v. Groover*, 261 Ga. App. 784, 784-786 (584 SE2d 57) (2003) (investor could not recover profits he expected to make on illegal contract). Appellants' arguments to the contrary are entirely without merit, and the trial court properly granted summary judgment to Bainbridge on this claim.

2. Appellants claim that the trial court erred in granting summary judgment to Bainbridge on their claim for attorney fees. We disagree.

Appellants make no reference in their complaint to OCGA § 13-6-11 or the criteria set forth therein as a basis for their claim for attorney fees. Thus they have not adequately pled for such an award under the statute. *Daniels v. Price Communications Wireless*, 254 Ga. App. 559, 562 (2) (562 SE2d 844) (2002). Even if they had, moreover, there is no evidence that Bainbridge engaged in any conduct that would authorize an award of attorney fees under OCGA § 13-6-11. See, e.g., *Driggers v. Campbell*, 247 Ga. App. 300, 304 (4) (543 SE2d 787) (2000). Nor is there any other legal theory asserted by appellants that would authorize an award of attorney fees here. See *Money v. Thompson & Green Machinery Co.*, 155 Ga. App. 566, 567 (271 SE2d 699) (1980) (attorney fees not recoverable absent statutory provision or contract). The trial court properly granted summary judgment to Bainbridge on this claim.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 24, 2005.

*Lehman & Cauley, Thomas L. Lehman, Kevin S. Cauley*, for appellants.

*Alexander & Vann, William C. Sanders*, for appellee.