A06A1710. TIG SPECIALTY INSURANCE COMPANY v. BROWN et al.

(641 SE2d 684)

MILLER, Judge.

In December 2000, Johnny B. Brown was accidentally injured while working for Dust-Away, Inc. At that time, TIG Specialty Insurance Company ("TIG") provided workers' compensation insurance coverage for Dust-Away, but Zenith Insurance Company assumed such coverage in February 2002. In May 2002, Brown was rendered unable to work for the first time following the accident. Despite the fact that it no longer insured Dust-Away, TIG began providing Brown with temporary total disability income benefits. In 2004, TIG requested a hearing to determine whether Zenith should reimburse it for payments made following the effective date of the Zenith insurance policy. Zenith and Brown filed motions to dismiss TIG's request for a hearing. An administrative law judge ("ALJ") denied those motions, but the Appellate Division of the State Board of Workers' Compensation (the "Board") dismissed TIG's request for a hearing, finding that such request was barred by OCGA § 34-9-221 (h). The dismissal was affirmed by the Superior Court of Fulton County. Finding that TIG's request for a hearing should not have been dismissed, we reverse.

We will affirm a trial court's grant of a motion to dismiss for failure to state a claim upon which relief may be granted if

(1) the allegations of the [party seeking relief] disclose with certainty that [such party] would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the [party seeking relief] could not possibly introduce evidence . . . sufficient to warrant a grant of the relief sought. In deciding a motion to

dismiss, the court must construe all pleadings most favorably to the party who filed them and must resolve all doubts about such pleadings in the filing party's favor.

(Citations omitted.) *Bynum v. Horizon Staffing*, 266 Ga. App. 337, 338 (1) (596 SE2d 648) (2004).

So viewed, the record shows that on December 28, 2000, Brown was working for Dust-Away when he slipped and injured his head, neck, back, and right elbow. Brown's injuries did not require him to miss any time from work, and TIG covered Brown's medical expenses. On May 8, 2002, Brown was rendered unable to work by his authorized treating physician as a result of weakness in his right hand. TIG commenced the payment of temporary total disability income benefits even though Dust-Away had changed its workers' compensation insurance carrier from TIG to Zenith on February 1, 2002.

In February 2004, TIG requested a hearing to determine whether it was entitled to reimbursement from Zenith for benefits paid to Brown after the effective date of Zenith's policy with Dust-Away. Brown and Zenith filed separate motions to dismiss TIG's hearing request, and such motions were denied by the ALJ. The Board reversed and dismissed TIG's request for a hearing after concluding that it was barred as untimely pursuant to OCGA § 34-9-221 (h). That decision was affirmed by the Superior Court of Fulton County in December 2005.

Generally, when an employee sustains an injury while one insurance carrier provides coverage "and the condition brought about by the accident gradually worsens because of aggravation over a period of time so that [the] employee is eventually required to terminate [his] employment because of disability at a time when another insurance carrier has [assumed] coverage," a new injury is held to have occurred on the date that the claimant was unable to continue in his employment. *Hartford Ins. Group v. Stewart*, 147 Ga. App. 733-734 (2) (250 SE2d 184) (1978). Under these circumstances, the insurance carrier providing coverage on the date the claimant was forced to terminate his employment is liable for payment of the claimant's compensation benefits. Id.

Here, however, TIG and not Zenith assumed payment of Brown's temporary total disability income payments after he became unable to work in May 2002. The Board and the trial court found that TIG was unable to challenge such payment in 2004 because of the 60-day statute of limitation contained in OCGA § 34-9-221 (h), which provides that

[w]here compensation is being paid without an award, *the right to compensation* shall not be controverted except upon

the grounds of change in condition or newly discovered evidence unless notice to controvert is filed with the board within 60 days of the due date of first payment of compensation.

(Emphasis supplied.)

In *Columbus Intermediate Care Home v. Johnston,* 196 Ga. App. 516 (396 SE2d 268) (1990), an employee was involved in an accident while one insurance company was providing workers' compensation insurance. After missing work for a short period, the employee returned to work until her condition worsened, rendering her totally disabled. By that time, a new insurer had assumed workers' compensation coverage for her employer. Despite the change in insurers, the first insurance company paid temporary total disability benefits for approximately five months after the employee stopped working before it claimed that the second insurance company was liable for payment of those benefits. This Court held that the 60-day statute of limitation of OCGA § 34-9-221 (h) was inapplicable and "should not reach a controversy between two insurance companies wherein the compensability of the claimant's injury goes unchallenged." Id. at 518 (1).

TIG asserts that it does not challenge Brown's "right to compensation," but rather, as in *Johnston,* disputes only which insurance provider should be responsible for such compensation. The Board, however, concluded that TIG's request for a hearing put Brown's continued right to compensation "in jeopardy," presumably under the theory that if TIG's request for a hearing were granted, the ALJ might find that Brown suffered a new injury in May 2002 (when Brown became unable to work), and Zenith might then be able to successfully challenge payment because Brown did not file a claim for a May 2002 injury. There has been, however, no finding that Brown suffered a new injury in May 2002 or that Zenith could successfully challenge payment for such a claim. Whether there is a new injury is a question of fact to be determined by an administrative law judge. *Northbrook Property &c. Ins. Co. v. Babyak,* 186 Ga. App. 339, 341 (367 SE2d 567) (1988). Here, however, the ALJ was unable to make such a determination because TIG's request for a hearing was dismissed by the Board. In contrast, the ALJ in *Johnston* was able to consider the merits of the claim before concluding that a new injury occurred and that the insurer providing coverage at the time of such injury was responsible for coverage. *Johnston,* supra, 196 Ga. App. at 516.

While OCGA § 34-9-221 (h) prevents any party from controverting Brown's right to compensation, due process demands that TIG be provided an opportunity to show that Zenith is responsible for such compensation. As a result, the trial court erred in dismissing TIG's request for a hearing, and the ALJ should conduct a hearing, as it

proposed to do, to determine whether TIG or Zenith is responsible for providing Brown with temporary total disability income benefits.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 6, 2007 —

*Hamilton, Westby, Antonowich & Anderson, Steven A. Westby, David L. Black*, for appellant.

*George & Wallach, Lavinia B. George, Alex B. Wallach*, for appellees.