## A07A1471. FLOTT v. THE SOUTHEAST PERMANENTE MEDICAL GROUP, INC. et al.
(655 SE2d 242)

MILLER, Judge.

Nancy Flott filed a renewed medical malpractice complaint against The Southeast Permanente Medical Group, Inc., and Joseph T. Schifillitti, M.D. (collectively, "Southeast"), seeking damages for alleged negligence resulting in the termination of her tubal pregnancy. Flott appealed to the Supreme Court of Georgia; the Supreme Court transferred the appeal to this Court; and Flott appealed, contending that the trial court erred in granting Southeast's motion

---

to dismiss upon the finding (i) that her pending Chapter 13 bankruptcy did not stay the running of the medical malpractice statute of repose, and, in the alternative, (ii) that the medical statute of repose was unconstitutionally vague. Thereafter, Southeast moved to dismiss the appeal upon Flott's failure to timely file her appellate brief in the Supreme Court. Since the Supreme Court transferred the instant appeal to this Court without adverse action upon her untimely filed appellate brief, this Court will consider such brief in this appeal. Southeast's motion to dismiss the appeal is therefore denied. Further, inasmuch as we discern no error as to the trial court's judgment of dismissal, and finding that Flott's alternate claim of error on constitutional grounds was waived as raised for the first time on appeal, we affirm.

This Court will affirm a trial court's grant of a motion to dismiss for failure to state a claim upon which relief may be granted if

> (1) the allegations of the (party seeking relief) disclose with certainty that (such party) would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the (party seeking relief) could not possibly introduce evidence sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, the court must construe all pleadings most favorably to the party who filed them and must resolve all doubts about such pleadings in the filing party's favor.

(Citations and punctuation omitted.) *TIG Specialty Ins. Co. v. Brown*, 283 Ga. App. 445, 445-446 (641 SE2d 684) (2007). So viewed, the record shows that on August 16, 2004, the trial court granted Southeast's motion to dismiss Flott's original complaint for failure to produce an expert witness for a noticed deposition. Flott filed her renewed medical malpractice complaint on August 14, 2006 relating to emergency surgery performed on July 30, 1999 that ended her tubal pregnancy. Flott had filed a petition for Chapter 13 bankruptcy in the U. S. Bankruptcy Court for the Northern District of Georgia on December 2, 1996, and she was discharged therefrom upon the payment of all her debts on February 21, 2002.

1. Flott asserts that the medical malpractice statute of repose, OCGA § 9-3-71 (b), was tolled by operation of the automatic stay provision contained in 11 USCA § 362 (a) (1). She argues that because her bankruptcy was discharged on February 21, 2002, such statute of repose did not begin to run until that date, foreclosing the dismissal of her complaint on the basis of the running of the statute. We disagree.

11 USCA § 362 (a) (1) provides that the filing of a bankruptcy petition

> operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against* the debtor that *was or could have been commenced before the commencement of the case under this title,* or *to recover a claim against the debtor that arose before the commencement of the case under this title.*

(Emphasis supplied.)

"It is a fundamental rule of statutory construction that where the language of a statute is plain and unambiguous, the terms used therein should be given their common and ordinary meaning." (Citations and punctuation omitted.) *Dixon v. Home Indem. Co.,* 206 Ga. App. 623, 624 (1) (426 SE2d 381) (1992); accord *Crosby v. Monroe County,* 394 F3d 1328, 1331, n. 2 (11th Cir. 2004) (automatic stay inapplicable to suits initiated by a debtor); *Brown v. Armstrong,* 949 F2d 1007, 1009 (8th Cir. 1991) ("[T]he plain language of the statute suggests, and as no less than six circuits have concluded, the Code's automatic stay provision does not apply to judicial proceedings . . . that were initiated by the debtor.") (citations omitted).

Plainly, the underlying medical malpractice complaint is not an action brought "against" Flott. Neither could Flott's complaint have been brought at the time Flott filed her bankruptcy petition in that the alleged malpractice which prompted such complaint did not occur until three years later. In light of the foregoing, the pendency of Flott's bankruptcy petition did not operate to toll the medical malpractice statute of repose, and that statute extinguished Flott's cause of action on July 30, 2004. Because Flott filed her renewed complaint two years after the cause of action was extinguished, the grant of Southeast's motion to dismiss was not error on this account. *TIG Specialty,* supra, 283 Ga. App. at 445-446.

2. Alternatively, Flott challenges the medical malpractice statute of repose as unconstitutionally vague because it failed to give her notice that neither the pendency of her bankruptcy petition nor her appeal of the trial court's dismissal of her initial complaint tolled the provisions of the statute. The Supreme Court of Georgia, however, ordered this case transferred to this Court, correctly finding that such constitutional question had not been raised and ruled upon below, resulting in waiver on appeal. "A constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there. Contentions regarding a constitutional issue which were not made

below are thus not passed upon here." (Citations and punctuation omitted.) *In the Interest of A. A.*, 253 Ga. App. 858, 862 (3) (560 SE2d 763) (2002).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 14, 2007 —
RECONSIDERATION DENIED DECEMBER 4, 2007 — 

*Michael B. King*, for appellant.

*Hall, Booth, Smith & Slover, Michael A. Pannier, Jason D. Hergenroether*, for appellees.