### A08A0276. PIPE SOLUTIONS, INC. v. INGLIS.
(661 SE2d 683)

MIKELL, Judge.

Pipe Solutions, Inc., sued Donna Inglis in Chatham County State Court for breach of contract in connection with services performed to improve Inglis's real property, specifically, the construction of a wrought iron fence. In its complaint, Pipe Solutions claimed that Inglis owed the company $6,860.28, plus interest thereon and attorney fees, pursuant to the Georgia Prompt Pay Act, OCGA § 13-11-1 et seq. (the "Act") and that Inglis refused to pay her debt. Pipe Solutions also recorded a lien to reflect the amount owed.

After a jury trial, the jury awarded Pipe Solutions the full principal amount of $6,860.28 and answered affirmatively the question posed on the verdict form: "If you have found in favor of the Plaintiff, is the Plaintiff entitled to recover reasonable attorney's fees?" Thereafter, the trial court entered a judgment, finding that the property to which improvements were made was Inglis's home; that Inglis had already tendered the principal amount to Pipe Solutions; that "OCGA § 13-11-10 provides that 'the provisions of this chapter [the Act] do not apply to improvements to real property intended for residential purposes which consist of 12 or fewer residential units' "; and that therefore, Pipe Solutions was entitled to an award of zero attorney fees pursuant to the Act. On appeal, Pipe Solutions asserts that the trial court committed three errors: (1) it did not enter a judgment that conformed to the verdict; (2) it erred in finding that Inglis is not liable for reasonable attorney fees; and (3) it failed to interpret properly the Act. Finding no error, we affirm.

1. As appellant's first two claimed errors are interrelated, we will address them simultaneously. Essentially, appellant claims that since the jury indicated on the verdict form that it was entitled to attorney fees, the trial court's finding that it was entitled to attorney fees in the amount of zero dollars was erroneous and did not conform to the verdict. Appellant's claims fail.

Appellant sought damages pursuant to the Act. As correctly quoted by the trial court, OCGA § 13-11-10 specifically provides that

"[t]he provisions of [the Act] do not apply to improvements to real property intended for residential purposes which consist of 12 or fewer residential units." The trial court's findings that the property at issue here was a single residential home is supported by the evidence. Therefore, the trial court's conclusion that Pipe Solutions was not entitled to attorney fees under the Act is correct.

The general rule in our legal system is that "parties are responsible for their own attorney fees and that an award of fees is an exception to this rule."[1] Pipe Solutions argues that attorney fees were justified under the exception created by OCGA § 13-6-11, but this argument is also unavailing. OCGA § 13-6-11 provides that

> [t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

Although Pipe Solutions' prayer for relief sought "attorney's fees in an amount to be proven," it did not specially plead or pray for damages as required by OCGA § 13-6-11.[2] "A general request for attorney fees, without reference to OCGA § 13-6-11 or the criteria set forth therein, is not the specific pleading contemplated by the statute. The statute requires that the party specifically plead and pray for fees thereunder."[3]

Appellant's argument that it is entitled to OCGA § 13-6-11 attorney fees because the record is replete with evidence of Inglis's stubbornly litigious behavior is not persuasive. In *4WD Parts Center v. Mackendrick*,[4] we acknowledged that a trial court is required to treat pleadings as if amended to include a plea and prayer for bad faith attorney fees where the issue is litigated at trial without objection,[5] but that rule is not applicable here. In *Mackendrick*,[6] the pleadings were treated as if amended because Mackendrick's attorney offered evidence at trial concerning the attorney fees earned in the case, and no objection was made. Instead, defense counsel

---

[1] (Footnote omitted.) *Dept. of Transp. v. Ga. Television Co.*, 244 Ga. App. 750, 753 (1) (536 SE2d 773) (2000).

[2] See *Daniels v. Price Communications Wireless*, 254 Ga. App. 559, 561 (2) (562 SE2d 844) (2002).

[3] (Footnote omitted.) *Ga. Television Co.*, supra (recovery of attorney fees precluded by plaintiff's failure to specifically plead and pray for them in petition). Accord *Daniels*, supra.

[4] 260 Ga. App. 340 (579 SE2d 772) (2003).

[5] Id. at 344 (2) (a).

[6] Supra.

cross-examined Mackendrick's attorney about his rates and the number of hours he had worked on the case.[7] Here, appellant offered no evidence of attorney fees. Appellant cites *Witty v. McNeal Agency*[8] for the proposition that OCGA § 13-6-11 attorney fees can be rewarded where not specially pled where the evidence, argument, and verdict form make it plain that the defendants were entitled to the fees. *Witty*, however, does not support appellant's claim for attorney fees because the facts are distinguishable. First, *Witty* involved claims of intentional torts, which indicate bad faith and authorize bad faith damages under OCGA § 13-6-11.[9] Here, the case involved a breach of contract claim rather than an intentional tort. Additionally, in *Witty*, "[p]laintiffs agreed with the defense that each side would state in their place the amount of attorney fees that each contended was recoverable without testimony, documentary evidence, or cross-examination[,]" and no objections were made thereto.[10] Here, there was no such agreement as no evidence of attorney fees was offered by either party. Therefore, *Witty* simply does not apply to the case sub judice.

Because appellant failed to plead damages specially pursuant to OCGA § 13-6-11 and did not litigate the issue of bad faith damages, it is not entitled to recover them pursuant to the statute. Appellant's argument that either the trial court should have required the jury to state the rationale for its award or that Inglis should have objected to the verdict form does not warrant a different result. Appellant cannot fail to object to the verdict form and remain silent upon the return of the verdict, and then complain on appeal that either the trial court or the opposing party had the burden to preserve his claimed error.[11]

2. Appellant also contends that the trial court incorrectly interpreted the Act. In interpreting statutes, "we are mindful of the 'golden rule' of statutory construction, which requires that we follow the literal language of the statute unless doing so produces contradiction, absurdity or such an inconvenience as to insure that the

---

[7] Id. at 344 (2) (a).

[8] 239 Ga. App. 554 (521 SE2d 619) (1999).

[9] Id. at 556 (1) (b). See *Flexible Products Co. v. Ervast*, 284 Ga. App. 178, 182 (2) (b) (iii) (643 SE2d 560) (2007) ("every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees") (citation omitted).

[10] *Witty*, supra.

[11] See *Davis v. Phoebe Putney Health Systems*, 280 Ga. App. 505, 506 (1) (634 SE2d 452) (2006) ("[a] party cannot participate and acquiesce in a trial court's procedure and then complain of it") (citation omitted).

legislature meant something else."[12] "It is [also] a fundamental rule of statutory construction that where the language of a statute is plain and unambiguous, the terms used therein should be given their common and ordinary meaning."[13] OCGA § 13-11-8 authorizes the recovery of reasonable attorney fees in connection with an action to enforce a claim under the Act. However, the statute at issue here, OCGA § 13-11-10, provides that "[t]he provisions of this chapter do not apply to improvements to real property intended for residential purposes which consist of 12 or fewer residential units." Pipe Solutions does not dispute that the property at issue here is a single, residential home but argues that OCGA § 13-11-10 should be read to exclude only claims by homebuilders of new residential living units. The statute does not require such a reading. Instead, it clearly provides that it is inapplicable to claims between contractors and single family homeowners. Thus, the trial court's interpretation of the statute was not erroneous.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 1, 2008.

*McCorkle & Johnson, Margaret K. Clark*, for appellant.
*Welch & Tetreault, Victor J. Tetreault*, for appellee.

---

[12] (Punctuation and footnote omitted.) *GeorgiaCarry.Org v. Coweta County*, 288 Ga. App. 748, 749 (655 SE2d 346) (2007).

[13] (Citations and punctuation omitted.) *Flott v. Southeast Permanente Med. Group*, 288 Ga. App. 730, 732 (1) (655 SE2d 242) (2007).