# Court of Appeals
# of the State of Georgia

ATLANTA,__May 14, 2018_____

*The Court of Appeals hereby passes the following order:*

**A18A0079. RAFAEL VALIENTE v. ANGIE GRASS.**

Rafael Valiente appeals from the amended twelve-month stalking protective order entered against him pursuant to OCGA § 16-5-94 (d) based on his harassing and intimidating conduct towards his then next-door neighbor, Angie Grass (the "Stalking Order"). Valiente contends that the Stalking Order fails to meet certain statutory requirements for clarity and that, as a result, the Stalking Order should be vacated and the case remanded so that the Stalking Order can be revised by the trial court. Grass has now filed a motion to dismiss the appeal as moot.

"Under the Appellate Practice Act, the dismissal of an appeal is mandatory where the questions presented have become moot." (Citation and punctuation omitted.) *In Interest of J. E. H.*, 205 Ga. App. 847, 848 (424 SE2d 61) (1992). See OCGA § 5-6-48 (b) (3). "An appeal is moot when it seeks to determine an issue which, if resolved, cannot have any practical effect on the underlying controversy, or when such resolution will determine only abstract questions not arising upon existing facts or rights." (Footnotes omitted.) *Pimper v. State ex rel. Simpson*, 274 Ga. 624, 626 (555 SE2d 459) (2001).

Applying these principles, we conclude that the present appeal has become moot. The Stalking Order, by its express terms, expired on October 20, 2017. Furthermore, the only connection between Valiente and Grass was that they were next-door neighbors, and the trial court crafted the specific language of the Stalking Order based upon the fact that they were neighbors with houses in very close proximity to one another. Notably, however, the house where Valiente lived has now been sold, he currently resides elsewhere, and he has had no further contact with

Grass. Consequently, a ruling on whether the Stalking Order provided sufficient clarity would have no practical effect on any existing controversy between the parties and would answer what, at this point, is nothing more than an abstract question untethered to existing facts or rights. See *Pimper*, 274 Ga. at 626.

Valiente contends that the case is not moot because the statute of limitation for aggravated stalking is four years, see OCGA § 17-3-1 (c), and he could face criminal prosecution for violating the Stalking Order during the time period when it remained in effect if Grass chose to make "spurious or unfounded" allegations against him. However, Valiente's contention is purely speculative, and "this court will not retain jurisdiction of a moot case to consider basic legal questions even though plaintiff[ ] might derive some benefit in future litigation from a favorable adjudication of the question." (Citations and punctuation omitted.) *Dean v. City of Jesup*, 249 Ga. App. 623, 624 (2) (549 SE2d 466) (2001). "[A]s to what [Valiente] fears may arise at a future date, we have no authority to render an advisory opinion." (Citation and punctuation omitted.) *Daniels v. Price Communications Wireless*, 254 Ga. App. 559, 561 (1) (562 SE2d 844) (2002).

Lastly, we note that "if an issue is capable of repetition yet evades review, we do not view that issue as moot. This is true for those matters in which there is intrinsically insufficient time to obtain judicial relief for a claim *common to an existing class of sufferers*." (Punctuation and footnotes omitted; emphasis supplied.) *Baca v. Baca*, 256 Ga. App. 514, 515 (1) (568 SE2d 746) (2002). Here, however, the unique language added to the Stalking Order by the trial court was predicated on the specific factual circumstance of Valiente and Grass living in very close proximity to one another in adjacent houses, and the issue raised on appeal is whether that unique language was of sufficient clarity to be enforceable. Thus, the issue raised in this appeal is "germane only to the [Stalking Order], which has expired," and "[t]here is no reason to suppose another court would rule the same way in a subsequent proceeding." Id. at 516 (1). This case therefore does not involve a common legal question that is likely to recur for an existing class of sufferers, and the issue in this case thus does not fall into the category of being capable of repetition yet evading

review.  See id. Compare *Elgin v. Swann*, 315 Ga. App. 809, 810 (1) (728 SE2d 328) (2012) (although protective order had expired, appeal was not moot; issue concerning whether "discrete threats between former neighbors can show a pattern of harassing or intimidating conduct and a potential for future stalking" could recur in future cases involving other parties); *Birchby v. Carboy*, 311 Ga. App. 538, 540 (2) - 544 (6) (716 SE2d 592) (2011) (although protective order had expired, certain issues raised on appeal were not moot because they could recur in future cases involving other parties, including whether protective order required specific findings of fact and conclusions of law, and whether a trial court has authority to direct the clerk of court to withhold transmission of a protective order to the Georgia Protective Order Registry).

For these combined reasons, Grass's motion to dismiss the above-styled appeal is hereby GRANTED and the appeal is DISMISSED as moot.  See OCGA § 5-6-48 (b) (3); *In Interest of J. E. H.*, 205 Ga. App. at 848.



*Court of Appeals of the State of Georgia*

> *Clerk's Office, Atlanta,   05/14/2018*
>
> *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

_____ *, Clerk.*